October 7, 2026

Hon. Elizabeth C. Coombe
United States District Judge
Federal Building and U.S. Courthouse
P.O. Box 7255
Syracuse, NY 13261-7255

Re: *Rojas et al. v. McCoy et al.*, No. 5:26-cv-01716-ECC-ML

Dear Judge Coombe:

We represent Plaintiffs Pedro Rojas, Hediberto Ramirez Perez, Maribel Lopez Martinez, and Argentina Juarez-Lopez in the above-referenced matter. Plaintiff Ramirez Perez and Defendants Markwayne Mullin, Secretary of the Department of Homeland Security; David Venturella, Acting Director of Immigration and Customs Enforcement; Thomas Brophy, Director of Enforcement and Removal Operations for the Buffalo Field Office of Immigration and Customs Enforcement; and James D'Amato, Chief Patrol Agent, United States Border Patrol, Buffalo Sector, all of whom are sued in their official capacity (the "Official Capacity Defendants") jointly submit this status letter regarding the parties' efforts to meet and confer regarding a briefing schedule for Plaintiff Ramirez Perez's motion for a preliminary injunction (ECF No. 8). The parties were not able to agree on a briefing schedule during the meet and confer ordered by the Court (ECF No. 9) and write to provide their respective positions here.

**Plaintiffs' Position**

Local Rule 65.1 provides that the schedule for a preliminary injunction motion brought by the standard motion procedure is 21 days for an opposition and 7 days for a reply. Plaintiffs respectfully request that the Court enter an order directing the Official Capacity Defendants to file their opposition no later than October 22, 2026—21 days from the date Plaintiffs filed their proof of service upon all Defendants (ECF No. 27) consistent with the Court's September 18 Text Order (ECF No. 9). Under Plaintiffs' proposed briefing schedule, Plaintiff Ramirez Perez would file his reply on or before October 29, 2026. The Official Capacity Defendants and their counsel have had Plaintiff Ramirez Perez's motion since September 17, 2026. Plaintiff Ramirez Perez remains outside of the country and separated from his family and he has a strong interest in expeditious resolution of the motion.

The Official Capacity Defendants and the U.S. Attorney's Office and Department of Justice (the "Government") were served with copies of the Complaint (ECF No.1) and Plaintiff Ramirez Perez's motion papers (ECF No. 8) on September 17, 2026. *See* Itliong Decl. ¶ 10, ECF No. 27; Exhibit L to Itliong Decl., ECF No. 27-12. Plaintiffs' counsel also caused copies of the Court's September 18, 2026 Order (ECF No. 9) to be served on all

Defendants. *See* Itliong Decl. ¶¶ 2-4, 6-7, 9. After serving all Defendants—including the Official Capacity Defendants, the federal defendants sued in their individual capacities, and the county defendants, with the foregoing papers and the Order—Plaintiffs filed their proof of service on October 1, 2026. *See* ECF No. 27. Plaintiffs met and conferred with counsel for the Official Capacity Defendants on October 5, 2026. Applying Local Rule 65.1, the Official Capacity Defendants' current deadline to file an opposition to Plaintiff Ramirez Perez's motion would have been October 8, 2026. However, given the Court's September 18, 2026 Order, Plaintiffs offered to extend that deadline to October 22, 2026, which is 21 days after Plaintiffs' filing of their proof of service. The Government instead requested an extension of this deadline to November 17, 2026—60 days after the Government was served and 47 days after Plaintiffs' filing of proof of service and to consolidate their preliminary injunction briefing with their response to the complaint. However, such consolidation would substantially delay the briefing (by requiring time for Plaintiffs' consolidated opposition to the motions to dismiss, as well as reply briefing) and resolution of the outstanding motion and unnecessarily prolong Mr. Ramirez Perez's wrongful removal and separation from his family. As a professional courtesy and in an attempt to resolve any dispute before seeking relief from this Court, counsel for Plaintiff Ramirez Perez stated that they were willing to extend the opposition deadline to November 3, 2026 with a reply deadline of November 13, but the Official Capacity Defendants rejected that proposal.[1]

**The Official Capacity Defendants' Position**

The four Defendants named in their official capacities (OC Defendants) are represented by the United States Attorney's Office for the Northern District of New York. As this Court knows, on September 18, 2026, it adjourned the briefing schedule on the preliminary injunction motion (PI motion) until after the Plaintiffs filed "properly executed proof of service" indicating that all Defendants were served with the Complaint and other pleadings. ECF No. 9. This Court further directed the parties to meet and confer about a briefing schedule for the PI motion "after service is complete."[2] *Id*. Plaintiffs filed their proof of service after business hours on Thursday, October 1, 2026. On the afternoon of Monday, October 5, 2026, counsel for all represented parties, including counsel for the non-federal defendants, had a conference call during which the briefing schedule for the PI motion, among other topics, was discussed.[3]

---

[1] Plaintiffs also met and conferred with all parties concerning whether this case should be related to *United States v. Juarez-Lopez*, 5:25-cr-00424 (BKS/TWD), under General Order 12(G)(5). *See* ECF No. 8-1 at 4, n.2. Plaintiffs' forthcoming notice of related case will reflect that the parties did not agree on relation.

[2] For purposes of this letter, the OC Defendants express no position concerning whether Plaintiffs' proof of service is "properly executed" or whether service "is complete." ECF No. 9. Nor can they express any position about service on the remaining Defendants who are or will be represented by other counsel.

[3] While Plaintiffs' offer of October 22, 2026 as the response deadline for the PI motion was appreciated, it was somewhat odd given that the required meet-and-confer about that very deadline did not occur until the afternoon of October 5, 2026. Had the OC Defendants accepted that proposal, they would have had *less* than 21 days to file their response.

The OC Defendants' answer deadline is November 17, 2026 – 60 days after service on the United States Attorneys' Office – pursuant to FRCP 12(a)(2).[4] As explained in the October 5 conference call and a subsequent email to Plaintiffs' counsel, the OC Defendants proposed that, for purposes of judicial efficiency, the response deadline to the PI motion *also* be set for November 17, 2026. As the OC Defendants explained, the relevant causes of action asserted against the OC Defendants in the Complaint are substantially similar to the arguments raised in the PI motion. *Compare* ECF No. 1, ¶¶ 309-32 *with* ECF No. 8. The OC Defendants intend to file a motion to dismiss in lieu of an answer and anticipate that the motion will challenge subject matter jurisdiction. These same arguments will likely also be raised in opposition to the PI motion. Due to the substantial overlap in the legal issues that will be briefed in opposition to the PI motion and to support dismissal of the Complaint, the OC Defendants suggest that it makes little sense to draft and file – and to have the Court review – two separate briefs, filed a few weeks apart, raising the same or similar arguments. Rather, the OC Defendant propose to file a single memorandum of law in opposition to the PI motion and in support of dismissal.

Plaintiff Ramirez Perez contends that synchronizing the deadline to oppose the PI motion with all parties' answer deadlines will substantially delay resolution of the PI motion and prolong his separation from his family. But any claim of prejudice from this delay is belied by Plaintiff's delay in waiting more than one year after his removal before filing this action and PI motion. And, once the OC Defendants challenge this Court's subject matter jurisdiction, this Court must resolve that challenge before turning to Plaintiff's request for injunctive relief. Moreover, as Plaintiff notes, he was willing to agree to a November 2 deadline to oppose the PI motion – a mere two weeks earlier than the OC Defendants' answer deadline.

The OC Defendants therefore propose that the response to the PI motion be set for the same deadline as their response to the Complaint: November 17, 2026. Alternatively, if the Court is inclined to deny this request, the OC Defendants ask that the response to the PI motion be set for at least 21 days from the date of this Court's ruling on the briefing schedule.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

Perry Grossman

CC: All counsel of record (via ECF and e-mail)

---

[4] For purposes of judicial efficiency, all parties agreed during the meet-and-confer to a single answer deadline for all Defendants: November 17, 2026.