U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
306 Delaware Avenue
Buffalo, NY 14202-2402

U.S. Citizenship and Immigration Services

January 23, 2020

ELIZABETH ANN RAMIREZ ABRAMS
[redacted]

SRC [redacted]

A [redacted]

RE: HEDIBERTO RAMIREZ PEREZ
I-130, Petition for Alien Relative

## DECISION

Dear ELIZABETH RAMIREZ ABRAMS:

On October 10, 2018, you filed a Form I-130, Petition for Alien Relative, with U.S. Citizenship and Immigration Services (USCIS) on behalf of HEDIBERTO RAMIREZ PEREZ (the beneficiary). You sought to classify the beneficiary as the spouse of a U.S. citizen (USC) under section 201(b)(2)(A)(i) of the Immigration and Nationality Act (INA).

After a thorough review of your petition, the testimony provided during your interview, and the record of evidence, we must inform you that we are denying your petition.

To demonstrate that an individual is eligible for approval as the beneficiary of a petition filed under INA 201(b)(2)(A)(i), a petitioner must:

- Establish a bona fide spousal relationship with the beneficiary; and
- Establish that he or she is a U.S. citizen (USC) or lawful permanent resident (LPR).

In visa petition proceedings, it is the petitioner's burden to establish eligibility for the requested immigration benefit sought under the INA. See Matter of Brantigan, 11 I&N Dec. 493, 495 (BIA 1966); Title 8, Code of Federal Regulations (8 CFR), section 103.2(b). You must demonstrate that the beneficiary can be classified as your spouse. See 8 CFR 204.2(a).

### Statement of Facts and Analysis, Including Ground(s) for Denial

On October 10, 2018, you filed a Petition for Alien Relative (Form I-130) on behalf of Hediberto Ramirez Perez. As evidence of your claimed relationship, you submitted the following documents:

- A copy of the petitioner's birth certificate
- A copy of your Marriage Certificate
- A translated copy of the beneficiary's Birth Certificate and Guatemala Passport page
- Copies of birth certificates for two children and paternity acknowledgement statements
- Copies of IRS Transcripts for 2014, 2015, and 2016

EXHIBIT
E

Your New York State Certificate of Birth confirm you are a U.S. citizen. Your status allows you to file

a Petition for Alien Relative (Form I-130) seeking to classify him as the spouse of a United States citizen under Section 201(b) of the Immigration and Nationality Act.

The copy of your marriage certificate indicates you married Hediberto Ramirez Perez on August 23, 2014, in the Town of Sterling, NY.

The beneficiary's translated Birth Certificate and Guatemala Passport Title page confirms he is a Guatemalan citizen, born on [redacted] 1978.

The copies of birth certificates for two children and paternity acknowledgement statements for each child indicating that you have a child born on [redacted] 2011, and another child born on [redacted] 2012, both born out of wedlock. The beneficiary completed paternity acknowledgement statements at the time of birth for both children, accepting paternal responsibility for both children.

The copies of IRS Transcripts for 2014, 2015, and 2016, indicate that you file Federal Income Tax returns jointly following your marriage on August 23, 2014.

On September 19, 2019, USCIS requested you and the beneficiary appear for an interview in connection with your relative petition. During the interview, both you and the beneficiary provided sworn testimony under oath to an Immigration Officer, in connection with your relative petition. The information solicited is typical of what a married couple should know about each other.

During the interview, both you and the beneficiary testified that you met in November 2008 and started dating shortly after you met. You also moved in with him that same month. You had your first child together in [redacted] 2011 and the second child in [redacted] 2012. You stated that, "We weren't even talking about marriage at that time. When people have a family, you don't rush into getting married."

You testified that about two months before you got married, you starting talking about marriage. The beneficiary stated, that he proposed to you in July 2014. Then you got married on August 23, 2014. You also stated that in April 2017, you decided that you would try "separate households." You confirmed that you are on Public Assistance, and pay for your own house. The beneficiary stated he pays for his own place. Both you and the beneficiary testified that you do not have any joint bank accounts or shared financial responsibility, and you have not filed taxes together since 2016.

Later in the interview, you testified that you still see each other almost every day, but the beneficiary only comes to see the children. He does not come there to see you directly. You stated, you still love your husband, and that love is never going to change. You stated, you usually do family things at your father's on Sundays, where you grew up and got married. You camped there in July. He comes to family things about two or three times a month. "It's not about the two of us, it's about our children."

As the officer wrapped up the questioning, you were asked, what happened that you two decided to live in different households? You replied, "I just packed up and left the house with my kids. We had relationship problems; we dealt with things on our own." "Do I ever see myself getting back together with my husband? Yea I do." "I have [redacted] problems, [redacted] and [redacted]. How easy do you think it is to live with me?"

At the conclusion of the interview, the officer requested additional evidence supporting the bona fide nature of your marital relationship. You submitted the following additional documents:

- Copy of a Valentines Card
- Copies of two Student Information Verification Forms

- Approximately 54 pictures

The copy of the Valentines Card indicates that your spouse still cares about you. However, it does not provide convincing evidence that your relationship is, or was, a bona fide marital relationship.

The copies of the Student Information Verification Forms indicates that the beneficiary still has concerns and takes responsibility for two children you had together, before your marriage.

The 54 pictures are primarily pictures from your wedding, with a few pictures of the beneficiary with the children. The pictures confirm you had a wedding ceremony and the beneficiary still has concerns and takes responsibility for two children you had together, before your marriage.

After a thorough review of your petition, evidence submitted in support of your spousal relationship, and testimony you provided, USCIS finds that you have failed to meet your burden of proof in establishing the intent in marriage was to establish a life together. The evidence submitted should cover the entire period of the marriage.

On October 24, 2019, USCIS issued a Notice of Intent to Deny (NOID) advising you that the evidence supporting the petition was insufficient to establish the beneficiary's eligibility for the classification requested, not only at the time you filed the petition, but up through the time of adjudication.

Evidence may include, but is not limited to:

- Proof of joint insurance policies or that one party was listed as a beneficiary on the insured spouse's policy
- Property leases, mortgages, or registrations
- Shared financial obligations and assets such as jointly filed income taxes showing that each return was properly filed with the state or federal government, or jointly held bank accounts, credit card accounts or utility bills
- Testimony or evidence regarding courtship, wedding ceremony, shared residence and experience. You may submit your own statements or affidavits from others.

You responded to the NOID on December 13, 2019. You submitted the following evidence:

- Attorney's Brief
- Letter from petitioner's sister
- Affidavit from the petitioner's father's girlfriend
- Letter from the beneficiary

In the attorney's brief, your attorney claimed that a visa petition can not be denied solely because a couple is no longer living together; see *Matter of Pierce, 17 I&N Dec. 456 (BIA 1981)*. Your attorney also claimed that in the absence of evidence to support a finding of fraudulent or sham marriage or evidence showing a dissolution of marriage...a denial can not be based solely on the nonviability of the marriage; see *Matter of Boromand, 17 I&N Dec. 450, 454 (BIA 1980)*. Interim Decision #2812, *Matter of Pierce, 17 I&N Dec. 456 (BIA 1981)*, states, an applicant for admission into the United States as the spouse of a U.S. citizen or lawful permanent resident can not be excluded...solely because the marriage upon which the status is based is "nonviable" at the time of application for admission. This interim decision is referencing a decision related admission for adjustment of status, and does not discuss the adjudication of a Petition for an Alien Relative. Interim Decision #2811*Matter of Boromand, 17 I&N Dec. 450, 454 (BIA 1980)*, states, that in the absence of evidence to support a finding of a fraudulent or sham marriage or legal dissolution pf the marriage, the denial of an adjustment of status application or the subsequent rescission of an adjustment grant can not be

based solely on the nonviability of the marriage at the time of the adjustment application. This interim decision is related to adjustment of status application, and/or the subsequent rescission of an adjustment grant, it does not discuss the adjudication of a Petition for an Alien Relative.

8 CFR 204.2(a)(1)(iii)(B) *Marriage during proceedings - Evidence to establish eligibility for the bona fide marriage exemption.* The petitioner should submit documents which establish that the marriage was entered into in good faith and not entered into for the purpose of procuring the alien's entry as an immigrant. The types of documents the petitioner may submit include, but are not limited to:

1. Documentation showing joint ownership of property;
2. Lease showing joint tenancy of a common residence;
3. Documentation showing commingling of financial resources;
4. Birth certificate(s) of child(ren) born to the petitioner and beneficiary;
5. Affidavits of third parties having knowledge of the bona fides of the marital relationship
6. Any other documentation which is relevant to establish that the marriage was not entered into in order to evade the immigration laws of the United States.

You have not submitted any documentation indicating any past or present joint ownership of property, or leases showing joint tenancy of a common residence. Furthermore, you stated under oath that, "in April 2017, I just packed up and left the house with my kids. We had relationship problems; we dealt with things on our own." You also stated you are on Public Assistance, which allows you to pay for you house. The beneficiary also stated he works and pays for his own place.

You have not submitted and documentation indicating any past or present commingling of financial resources. You and the beneficiary stated under oath that you do not have any joint bank accounts. You also stated that "me and my children are on Fidelis and Medicaid. The beneficiary stated that he does not have any health insurance. You did provide copies of IRS Transcripts for 2014, 2015, and 2016, show you filed taxes together at that time.

You previously provided birth certificates for your children, and the birth certificates were accepted as evidence.

In your response to the NOID, you provided a letter from your (petitioner's) sister; an affidavit from your (petitioner's) father's girlfriend; and a letter from the beneficiary.

8 CFR section 204.2(d)(2)(v) states, in pertinent part: *Secondary evidence*...Affidavits may also be accepted. When affidavits are submitted, they must be sworn to by persons who were born at the time of and who have personal knowledge of the event to which they attest. Any affidavit must contain the affiant's full name and address, date and place of birth, relationship to the party, if any, and complete details concerning how the affiant acquired knowledge of the event.

The letter from your sister is not an affidavit and can not be accepted as secondary evidence. However, after completing a review of the letter, your sister confirms your marriage, your father loves the beneficiary as a son, and that the beneficiary takes the boys and spends a lot of time with the boys. Her statement, supports the testimony you gave during the interview, when you testified that you still see each other almost every day, but the beneficiary only comes to see the children. He does not come there to see you directly; and as you also stated during the interview, you usually do family things at your father's on Sundays, where you grew up and got married. He comes to family things about two

or three times a month. "It's not about the two of us, it's about our children."

The affidavit from your father's girlfriend lacks the required information in order to be accepted as secondary evidence. However, after completing a review of the affidavit letter, your sister confirms your marriage, that your father loves the beneficiary as a son, and that the beneficiary takes the boys and spends a lot of time with the boys. Her statement that you and the beneficiary continue to have a friendly relationship contradicts the testimony you gave during the interview, when you testified that you still see each other almost every day, but the beneficiary only comes to see the children. He does not come there to see you directly; and when you also stated during the interview, he comes to family things about two or three times a month. "It's not about the two of us, it's about our children." Furthermore, during the interview, neither you or the beneficiary displayed or communicated any signs of affection, support, concern for, or feelings to toward each other, that would have been a sign of any continued friendly relationship.

The beneficiary's letter is not an affidavit and can not be accepted as secondary evidence. After completing a review of the letter, the beneficiary's letter supports the information that was previously solicited, and the close relationship he has with your family, but he did not provide any additional comments or information that could be used as evidence to show that your marital relationship continues to be one of a bona fide nature.

Lastly, your attorney claims that you see each other almost every day and that you usually do family things together on Sundays, and states this is direct evidence of the couple's on-going love and affection for each other. That you and the beneficiary spend time together in a family setting, because you care about each other and love each other. These statements directly contradict the statements you made under oath at the interview when you testified that you still see each other almost every day, but the beneficiary only comes to see the children. He does not come there to see me directly. You usually do family things at your father's on Sundays, where you grew up and got married. He comes to family things about two or three times a month. "It's not about the two of us, it's about our children. Furthermore, during the interview, neither you or the beneficiary displayed or communicated any signs of affection, support, concern for, or feelings to toward each other, that would have been an indication of continued love for each other. Moreover, your attorney also claims that if you and the beneficiary only cared about the children, as is alluded to in the NOID, you and the beneficiary would have established a court ordered custody agreement with time-sharing schedule for the children. This statement also contradicts the testimony given during the interview as stated earlier in this paragraph. Additionally, throughout most of the interview and in the evidence you provided, you referred to the children as "my children" and the beneficiary also referred to the children as "my children." Only once, did either of you refer to the children as "our children."

The petitioner must show, by a preponderance of the evidence, that the marriage was legally valid and bona fide at its inception, and "not entered into for the purpose of evading the immigration laws." Matter of Laureano, 19 I&N Dec. 1, 3 (BIA 1983). Although evidence to establish intent at the time of marriage can take many forms, some of those forms include: "proof that the beneficiary has been listed as the petitioner's spouse on insurance policies, property leases, income tax forms, or bank accounts; and testimony or other evidence regarding courtship, wedding ceremony, shared residence, and experiences."

When there is reason to doubt the validity of a marital relationship, the petitioner must present evidence to show that the marriage was not entered into for the purpose of evading immigration law. See Matter of Phillis, 15 I&N Dec. 385, 386 (BIA 1975). To demonstrate that the purpose of the marriage was not to evade the immigration laws, a petitioner may submit documentation showing, for instance, joint ownership of property, joint tenancy of a common residence, commingling of financial

resources, birth certificates of children born to the union, and sworn or affirmed affidavits from third parties with personal knowledge of the marital relationship. See 8 CFR 204.2(a)(1)(iii)(B).

The NOID that USCIS issued you on October 24, 2019, cited the discrepancies and evidentiary shortcomings. The evidence submitted is insufficient to overcome the inconsistent testimony or to establish eligibility for the benefit sought. Based on a review of the record, USCIS finds that you have not met your burden of proof in demonstrating that your petition should be approved. Therefore, USCIS denies your Form I-130.

This decision will become final unless you appeal it by filing a completed Form EOIR-29, Notice of Appeal to the Board of Immigration Appeals from a Decision of a USCIS Officer. Although the appeal will be decided by the Board of Immigration Appeals (BIA), you must send the Form EOIR-29 and all required documents, including the appropriate filing fee, to the following address:

U.S. Citizenship and Immigration Services
213 S. Salina St
Syracuse, NY 13202

The Form EOIR-29 must be received within 30 days from the date of this decision notice. The decision is final if your appeal is not received within the time allowed.

If you, the petitioner, intend to be represented on appeal, your attorney or accredited representative must submit Form EOIR-27 with Form EOIR-29.

If you or your attorney wishes to file a brief in support of your appeal, the brief must be received by the USCIS office where you file your appeal either with your appeal or no later than 30 days from the date of filing your appeal. Your appeal will be sent for further processing 30 days after the date USCIS receives it; after that time, no brief regarding your appeal can be accepted by the USCIS office.

For more information about filing requirements for appeals to the BIA, please see 8 CFR 1003.3 and the Board of Immigration Appeals Practice Manual available at www.usdoj.gov/eoir.

If you need additional information, please visit the USCIS Web site at www.uscis.gov or call our USCIS Contact Center toll free at 1-800-375-5283.

Sincerely,

Carmen M. Whaling

Carmen M. Whaling
Director

cc: LUCERO MISTRY

SRC[redacted]