**U.S. Department of Justice**
Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File: A[redacted] – Batavia, NY

Date: NOV 19 2020

In re: Hediberto RAMIREZ-PEREZ

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Joseph J. Cassidy-Schaffer, Esquire

APPLICATION: Cancellation of removal under section 240A(b)(1) of the Act

The respondent, a native and citizen of Guatemala, appeals from the Immigration Judge's October 16, 2018, decision pretermitting his application for cancellation of removal for certain non-permanent residents.[1] Section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1). The appeal will be dismissed.[2]

We review findings of fact, including credibility determinations, under the "clearly erroneous" standard. 8 C.F.R. § 1003.1(d)(3)(i). We review all other issues, including whether the parties have met their relevant burden of proof, issues of discretion, and judgment under a de novo standard. 8 C.F.R. § 1003.1(d)(3)(ii).

The following facts are not disputed. The respondent testified he entered the United States in 2005, and was personally served a defective Notice to Appear ("NTA") under *Pereira v. Sessions*, 138 S.Ct. 2105 (2018), in 2007. Approximately a week later, the respondent was mailed a Notice of Hearing; the respondent did actually appear before the Immigration Judge in 2008 (Tr. at 1-5). After a period of administrative closure, in 2018, the Immigration Judge pretermitted the cancellation of removal application because the respondent could not establish 10 years of continuous physical presence. Section 240A(b)(1)(A) of the Act. The Immigration Judge granted the respondent voluntary departure (IJ at 1-2).[3]

---

[1] The Immigration Judge's decision grants the respondent voluntary departure, but relies upon findings made during the hearing (Tr. at 9) that the respondent was ineligible for cancellation of removal.

[2] The request for oral argument is denied.

[3] Before the Immigration Judge, the respondent also requested termination for lack of jurisdiction, due to his defective NTA; the Immigration Judge denied the motion. On appeal, the respondent has withdrawn his opposition to this finding (Respondent's Br. at 6), and we discern no reason to disturb it.

EXHIBIT
F

A[redacted]

On appeal, the respondent argues that the Immigration Judge incorrectly found that the Notice of Hearing was sufficient to cure the defective NTA, such that his presence was stopped in 2007 (Respondent's Br. at 6-10). The respondent further argues that *Matter of Mendoza-Hernandez*, 27 I&N Dec. 520, 529 (BIA 2019) was incorrectly decided (Respondent's Br. at 9).

We disagree. The Immigration Judge's decision was in accordance with *Matter of Mendoza-Hernandez*, and we decline to reconsider our decision in that case. *See generally Czyz v. Barr*, 824 Fed.Appx. 18 (2nd Cir. 2020) (favorably citing *Matter of Mendoza-Hernandez*); *see also Guamanrrigra v. Holder*, 670 F.3d 404, 410 (2d Cir. 2012) (stating that the stop-time rule is triggered by the NTA plus a Notice of Hearing in a pre-*Pereira* case). From the respondent's entry in 2005, until he had an NTA and Notice of Hearing in 2007, is less than 3 years; this is insufficient to demonstrate prima facie eligibility for cancellation of removal. The Immigration Judge appropriately pretermitted the application. Section 240A(b)(1)(A), (d)(1) of the Act.

The Immigration Judge granted the respondent a 60-day voluntary departure period, conditioned upon the posting of a $500 bond. The record reflects that the respondent submitted timely proof of having paid the voluntary departure bond. Accordingly, we will reinstate the period of voluntary departure, and enter the following orders.

ORDER: The respondent's appeal is dismissed.

FURTHER ORDER: Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the respondent(s) is (are) permitted to voluntarily depart the United States, without expense to the Government, within 60 days from the date of this order or any extension beyond that time as may be granted by the Department of Homeland Security (DHS). *See* section 240B(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229c(b); *see also* 8 C.F.R. § 1240.26(c), (f). In the event the respondent fails to voluntarily depart the United States, the respondent shall be removed as provided in the Immigration Judge's order.

NOTICE: If a respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent shall be subject to a civil penalty not less than $1,625 and not more than $8,128, as provided by the regulations and the statute, and shall be ineligible for a period of 10 years for any further relief under section 240B and sections 240A, 245, 248, and 249 of the Act. *See* section 240B(d) of the Act.

NOTICE: In the event a respondent fails to voluntarily depart the United States within the time period specified, or any extensions granted by the DHS, the respondent is subject to a final order of removal. If the respondent willfully fails or refuses to depart from the United States pursuant to the final order, to make timely application in good faith for travel or other documents necessary to depart the United States, or to present himself or herself at the time and place required for removal by the DHS, or conspired to or takes any action designed to prevent or hamper the respondent's departure pursuant to the order of removal, the respondent shall be subject to a civil monetary penalty of up to $813 for each day the respondent is in violation. *See* section 274D of the Act, 8 U.S.C. § 1324d; 8 C.F.R. § 280.53(b)(14).

A[redacted]

WARNING: If a respondent files a motion to reopen or reconsider prior to the expiration of the voluntary departure period set forth above, the grant of voluntary departure is automatically terminated; the period allowed for voluntary departure is not stayed, tolled, or extended. If the grant of voluntary departure is automatically terminated upon the filing of a motion, the penalties for failure to depart under section 240B(d) of the Act shall not apply. *See* 8 C.F.R. § 1240.26(e)(1).

WARNING: If, prior to departing the United States, a respondent files any judicial challenge to this administratively final order, such as a petition for review pursuant to section 242 of the Act, 8 U.S.C. § 1252, the grant of voluntary departure is automatically terminated, and the alternate order of removal shall immediately take effect. However, if the respondent files a petition for review and then departs the United States within 30 days of such filing, the respondent will not be deemed to have departed under an order of removal if the alien provides to the DHS such evidence of his or her departure that the Immigration and Customs Enforcement Field Office Director of the DHS may require and provides evidence DHS deems sufficient that he or she has remained outside of the United States. The penalties for failure to depart under section 240B(d) of the Act shall not apply to an alien who files a petition for review, notwithstanding any period of time that he or she remains in the United States while the petition for review is pending. *See* 8 C.F.R. § 1240.26(i).

FOR THE BOARD