**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PEDRO ROJAS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANDREW MCCOY, et al.,<br><br>Defendants. | Civil Action No.<br>5:26-cv-01716<br><br>(ECC/ML) |

# MEMORANDUM OF LAW IN SUPPORT OF THE OFFICIAL CAPACITY DEFENDANTS' MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION


TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

Vanessa M. Otero
Assistant United States Attorney
Northern District of New York
445 Broadway, Room 218
Albany, New York 12207

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

STATEMENT OF FACTS ..................................................................................... 2

I. 2005-2007: unlawful entry into the United States and commencement of removal proceedings ..................................................................................... 2

II. 2008-2018: denial of request for cancellation of removal and grant of voluntary departure, first administrative appeal, and application for I-130 ..................................................................................... 3

III. 2020-2023: denial of I-130, dismissal of administrative appeal and subsequent remand from the Second Circuit, second denial of request for cancellation of removal for lack of good moral character and reinstatement of request for voluntary departure, and second administrative appeal ..................................................................................... 4

IV. 2024-present: work authorization, removal from the United States, and filing of Complaint and request for injunctive relief ..................................................................................... 6

ARGUMENT ..................................................................................... 6

I. This Court Should Dismiss Plaintiff's Claims Against the OC Defendants and Deny His Related Motion for Injunctive Relief for Lack of Jurisdiction and Dismiss His Claims for Failure to State a Claim..................................................................................... 6

A. Standards for Dismissal Under Federal Rules of Civil Procedure 12(b)(1) and (b)(6).... 6

B. This Court Lacks Subject Matter Jurisdiction to Consider Plaintiff's Claims Against the OC Defendants and His Related Motion for Injunctive Relief and He Has Failed to State a Claim Upon Which Relief Can Be Granted. ..................................................................................... 8

II. This Court Should Deny Plaintiff's Motion for Injunctive Relief. ..................................... 15

A. Plaintiff Has Not Shown a Clear or Substantial Likelihood of Success on the Merits. 15

B. Plaintiff Has Not Shown Irreparable Harm. ..................................................................................... 19

C. Plaintiff Has Not Shown That an Injunction Is in the Public Interest. .......................... 20

CONCLUSION ..................................................................................... 22

# TABLE OF AUTHORITIES

## CASES

*Abrego Garcia v. Noem*,
777 F.Supp.3d 501 (D.Md. 2025) ... 18

*Ahmed v. Rubio*,
---F.Supp.3d---, 2026 WL 2643486 (S.D.N.Y. 2026) ... 13

*Akande v. Philips*,
No. 1:17-CV-01243, 2018 WL 3425009 (W.D.N.Y. July 11, 2018) ... 12, 14

*Alcantara Moreno v. Noem*,
No. 26-CV-00176, 2026 WL 2124046 (E.D.N.Y. July 23, 2026) ... 9, 12, 14

*Andre-Rodney v. Hochul*,
569 F.Supp.3d 128 (N.D.N.Y. 2021) (Sannes, C.J.) ... 19

*Aparicio-Brito v. Lynch*,
824 F.3d 674 (7th Cir. 2016) ... 17

*APWU v. Potter*,
343 F.3d 619 (2d Cir. 2003) ... 7

*Arthur v. DHS/ICE*,
713 F.Supp.2d 179 (W.D.N.Y. 2010) ... 13

*Asylum Seeker Advoc. Project v. Barr*,
409 F.Supp.3d 221 (S.D.N.Y 2019) ... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ... 7

*Decker Advert. Inc v. Delaware Cnty., New York*,
765 F.Supp.3d 128 (N.D.N.Y. 2025) (Nardacci, J.) ... 7

*Delgado v. Quarantillo*,
643 F.3d 52 (2d Cir. 2011) ... 9, 10, 13, 14

*Escobar-Hernandez v. Barr*,
No. 20-CV-9714, 2021 WL 1863972 (S.D.N.Y. May 10, 2021) ... 11, 13

*Federal Defs. of New York, Inc. v. Fed. Bureau of Prisons*,
954 F.3d 118 (2d Cir. 2020) ... 9

*Foster v. Townsley*,
243 F.3d 210 (5th Cir. 2001) ... 11, 14

*Garcia-Villeda v. Mukasey*,
531 F.3d 141 (2d Cir. 2008) ... 18

*Gazzola v. Hochul*,
645 F.Supp.3d. 37 (N.D.N.Y. 2022) (Sannes, C.J.) ... 15, 16, 20

*Grand River Enter. Six Nations, Ltd. v. Pryor*,
481 F.3d 60 (2d Cir. 2007) ... 19

*Hadwan v. U.S. Dep't of State,*
139 F.4th 209 (2d Cir. 2025) ... 18

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009) ... 7

*Hassoun v. Searls*,
968 F.3d 190 (2d Cir. 2020) ... 20

*Henderson ex rel. Henderson v. Shinseki*,
562 U.S. 428 (2011) ... 16

*Iouri v. Ashcroft*,
487 F.3d 76 (2d Cir. 2007) ... 3

*Jennings v. Rodriguez*,
583 U.S. 281 (2018) ... 12, 13, 20

*Jiang v. Bondi*,
No. 24-CV-03138, 2025 WL 1503986 (E.D.N.Y. May 27, 2025) ... 10

*Khalil v. President, United States*,
164 F.4th 259 (3d Cir. 2026) ... 13

*Lerner v. Fleet Bank, N.A*,
318 F.3d 113, 128 (2d Cir. 2003), *vacated in part on other grounds, 459 F.3d 273 (2d Cir. 2006)* ... 6

*Lin v. Bondi*,
No. 24-CV-8177, 2026 WL 817936 (E.D.N.Y. Mar. 25, 2026) ... 10

*Lopez Silva v. United States*,
No. 14-5084, 2016 WL 953233 (D. Minn. Mar. 11, 2016) ... 12

*Magallanes v. United States*,
184 F.Supp.3d 1372 (N.D.Ga. 2015) .......... 12

*Mahdawi v. Trump*,
183 F.4th 103 (2d Cir. 2026) .......... 12, 13, 14, 21

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000) .......... 7

*Mangiafico v. Blumenthal*,
471 F.3d 391 (2d Cir. 2006) .......... 7

*Mastafa v. Chevron Corp.*,
770 F.3d 170 (2d Cir. 2014) .......... 6, 7

*Mastrovincenzo v. City of New York*,
435 F.3d 78 (2d Cir. 2006) .......... 15

*Mayor & City Council of Balt. v. Citigroup, Inc.*,
709 F.3d 129 (2d Cir. 2013) .......... 7

*Merritt v. ICE*,
737 Fed. Appx. 66 (3d Cir. 2018) .......... 11, 14

*Metreveli v. Flanagan*,
No. 25-CV-8039, 2025 WL 3496754 (S.D.N.Y. Dec. 5, 2025) .......... 10

*Murtaugh v. New York*,
810 F.Supp.2d 446 (N.D.N.Y. 2011) .......... 6, 7

*Nken v. Holder*,
556 U.S. 418 (2009) .......... 18, 20, 21, 22

*O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*,
389 F.3d 973 (10th Cir. 2004) .......... 17

*Pena v. Lynch*,
257 F.Supp.3d 346 (S.D.N.Y. 2017) .......... 13

*Real Est. Bd. of New York, Inc. v. City of New York*,
182 F.4th 140 (2d Cir. 2026) .......... 15

*Rivera v. Sessions*,
903 F.3d 147 (1st Cir. 2018) .......... 17, 18

*Rosse v. United States*,
110 F. Supp. 3d 415 (N.D.N.Y. 2015) (D'Agostino, J.) .......................................................... 6

*Sanchez-Cruz v. Mullin*,
833 F.Supp.3d 785 (E.D. Mich. 2026)........................................................................................ 18

*Sarr v. Garland*,
50 F.4th 326 (2d Cir. 2022) ........................................................................................................ 20

*Sauceda Henriquez v. Noem*,
No. 25-cv-07023, 2026 WL 111665 (E.D.N.Y. Jan. 15, 2026)......................................... 10, 14

*Sevastianov v. Scott*,
No. 24 Civ. 1075, 2026 WL 880284 (S.D.N.Y. Mar. 31, 2026) ............................................. 10

*Shah v. Holder*,
No. 10-CV-782A, 2011 WL 334453 (W.D.N.Y. Jan. 31, 2011)............................................. 10

*Silva v. United States*,
866 F.3d 938 (8th Cir. 2017) ............................................................................................... 11, 14

*Simmons v. USCIS*,
No. 05-CV-1848, 2006 WL 1652650 (E.D.N.Y. June 12, 2006)............................................ 16

*Singh v. USCIS*,
878 F.3d 441 (2d Cir. 2017)......................................................................................... 9, 10, 14, 21

*St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*,
131 F.4th 102 (2d Cir. 2025) ...................................................................................................... 15

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)...................................................................................................................... 16

*Students for Fair Admissions v. United States Mil. Acad. at West Point*,
709 F.Supp.3d 118 (S.D.N.Y. 2024)..................................................................................... 17, 19

*Taal v. Trump*,
No. 3:25-cv-335, 2025 WL 926207 (N.D.N.Y. Mar. 27, 2025) (Coombe, J.) .................. 10, 15

*Tandon v. Captain's Cove Marina of Bridgeport, Inc.*,
752 F.3d 239 (2d Cir. 2014)........................................................................................................ 7

*Turley v. Giuliani*,
86 F.Supp.2d 291 (S.D.N.Y. 2000)............................................................................................. 20

*United States ex rel. Accardi v. Shaughnessy*,
347 U.S. 260 (1954) .......... 9

*Valentine v. Herron*,
No. 908-CV-0901, 2009 WL 1457686 (N.D.N.Y. May 22, 2009) (Kahn, J.) .......... 13

*Winter v. Nat. Res. Def. Council, Inc.*,
555 U.S. 7 (2008) .......... 15, 16

*Yuen Jin v. Mukasey,*
538 F.3d 143 (2d Cir. 2008) .......... 17

**U.S. CONSTITUTION**

Amend. IV .......... 1, 8, 15, 17, 18, 19, 20

Amend. V .......... 1, 8, 15, 17, 18, 19, 20

**STATUTES**

5 U.S.C. §§ 701-706 .......... 1

5 U.S.C. § 702 .......... 8

5 U.S.C. § 706 .......... 8

8 U.S.C. § 1226(a) .......... 16

8 U.S.C. § 1231(a)(1)(B) .......... 8

8 U.S.C. § 1252(a)(5) .......... 9, 10, 11, 12, 13, 14, 16

8 U.S.C. § 1252(b)(9) .......... 9, 12, 13

8 U.S.C. § 1252(g) .......... 9, 11, 12, 14

28 U.S.C. § 1331 .......... 8

28 U.S.C. § 1343(a)(1) .......... 8

28 U.S.C. § 1343(a)(3) .......... 8

28 U.S.C. § 1343(a)(4) .......... 8

**REGULATIONS**

8 C.F.R. § 236.1(b)(1) .......... 16

8 C.F.R. § 236.1(c)(9) .......... 16

8 C.F.R. § 1003.6(a)........................................................................................................ 8, 12

**FEDERAL RULES OF CIVIL PROCEDURE**

Federal Rule of Civil Procedure 12(b)(1) ........................................................................ 2, 6, 7, 14

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 2, 6, 7, 14

Federal Rule of Civil Procedure 12(h)(3) ................................................................................ 14, 16

**OTHER**

https://www.uscis.gov/i-130 (last visited Nov. 2, 2026). ............................................................. 3

ICE, FAQs: Facilitating Return for Lawfully Removed Aliens, "What if I believe I need to be present in the United States for my case after I have been removed?" available at https://www.ice.gov/remove/facilitating-return (last accessed Nov. 2, 2026) ........................ 21

Defendants named in their official capacities, Markwayne Mullin, David Venturella, Thomas Brophy, and James D'Amato (OC Defendants), respectfully submit this memorandum of law in support of their motion to dismiss the claims raised by Plaintiff Hediberto Ramirez Perez in the Complaint, ECF 1 at ¶¶ 309-32, and in opposition to his motion for a preliminary injunction, ECF 8-1. Plaintiff, a native and citizen of Guatemala, was removed from the United States on or about September 7, 2025. He waited one year to file the Complaint and his motion for a preliminary injunction. Plaintiff asserts five causes of action against the OC Defendants, based on the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706 and the Fourth and Fifth Amendments to the United States Constitution. ECF 1 at ¶¶ 309-32. Plaintiff's motion for injunctive relief is based on these same claims and requests that the Court order the OC Defendants to facilitate his return to the United States and enjoin them from re-detaining him. ECF 8-1 at 25.

## PRELIMINARY STATEMENT

The Court should dismiss Plaintiff's claims against the OC Defendants and deny his motion for preliminary injunction because it lacks subject matter jurisdiction over those claims. According to the Complaint, Plaintiff was previously ordered removed, and currently has a pending appeal before the Board of Immigration Appeals (BIA) from the denial of his request for cancellation of removal. According to a June 2023 decision of the immigration judge (IJ), Plaintiff entered the United States unlawfully in or about May 2005 and removal proceedings were initiated against him in July 2007. Apparently, his removal proceedings have been ongoing since. Plaintiff conceded his removability from the United States during his removal proceedings.

Plaintiff alleges that the OC Defendants unlawfully removed him a year ago, and further unlawfully seized, arrested, and detained him then, in violation of the APA, the *Accardi* doctrine, and the Fourth and Fifth Amendments. But this Court does not have subject matter jurisdiction to

consider his claims and grant him injunctive relief, even if he was removed while his BIA appeal was pending. The Immigration and Nationality Act (INA) requires that *any* issues, whether factual or legal, arising from any removal-related activity must be reviewed through a petition for review with the appropriate court of appeals. The Supreme Court and Second Circuit have recognized this, as has this Court and other courts within this circuit (not to mention other circuits and other district courts). Courts within this circuit have dismissed for lack of jurisdiction identical claims of removal occurring while a BIA appeal was pending. And at least one court in this circuit has rejected on jurisdictional grounds an identical request for an order facilitating an individual's return to the United States. Plaintiff cannot circumvent the INA's jurisdictional bar no matter how he frames his claims. Notably, he makes no mention of the jurisdictional bar in his Complaint or motion for injunctive relief. Because this Court lacks subject matter jurisdiction, it should dismiss his claims against the OC Defendants under Federal Rule of Civil Procedure 12(b)(1) and deny his related motion for a preliminary injunction because it lacks jurisdiction to grant the requested relief. The Court should also dismiss his claims against the OC Defendants for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Even if this Court were to consider his motion for injunctive relief, it should be denied because Plaintiff has not shown a clear or substantial likelihood of success on the merits, irreparable harm, or that an injunction is in the public interest.

## STATEMENT OF FACTS

### I. 2005-2007: unlawful entry into the United States and commencement of removal proceedings

Plaintiff, a native and citizen of Guatemala, has two Guatemalan-born children who remain in that country, along with his mother, six siblings, four aunts, and three uncles. ECF 8-6 at 2, 10. (IJ's decision of June 2023). In May 2005, Plaintiff unlawfully entered the United States. *Id*. at 2;

Ex. A (Notice to Appear dated July 21, 2007). In July 2007, removal proceedings were initiated against Plaintiff due to his unlawful entry into the country. Ex. A.

## II. 2008-2018: denial of request for cancellation of removal and grant of voluntary departure, first administrative appeal, and application for I-130

In May 2008, at Plaintiff's request, his immigration proceedings were administratively closed because of his involvement in a lawsuit. Ex. B (Letter to ICE from Walter H. Ruehle, Esq. dated May 20, 2008); Ex. C. (IJ's decision of May 28, 2008). In November 2008, Plaintiff met his now wife, a United States citizen, and they began dating. ECF 8-4 at ¶¶ 2, 5 (wife's declaration). Plaintiff's immigration proceedings remained administratively closed from 2008 to 2018. ECF 8-6 at 3. During that period, Plaintiff had two United States citizen children (born in 2011 and 2012) and in 2014, married their mother, his current wife. ECF 8-4 at ¶¶ 6-7.

In July 2018, Plaintiff came to the attention of immigration authorities following his involvement in a traffic accident. ECF 8-3 at ¶ 17 (Plaintiff's declaration). Shortly thereafter, his removal proceedings were reopened, and Plaintiff applied for cancellation of removal and post-conclusion voluntary departure.[1] Ex. D (IJ's decision of Oct. 16, 2018); ECF 8-6 at 3. During his 2018 proceedings, Plaintiff conceded before an IJ that he is removable from the United States under the INA based on his unlawful entry. Ex. D at 1; ECF 8-6 at 3.

In October 2018, Plaintiff's wife filed an I-130 Petition for Alien Relative with the United States Citizenship and Immigration Services[2] (USCIS) on Plaintiff's behalf. *See* Ex. E (Letter from

---

[1] "Voluntary departure is a privilege granted an alien in lieu of deportation. Although it carries with it significant restrictions barring an alien's readmission to the United States, voluntary departure affords an alien certain benefits: it allows him to choose his own destination points, to put his affairs in order without fear of being taken into custody at any time, to avoid the stigma and various penalties associated with forced removals (including extended detention while the government procures the necessary travel documents and ineligibility for readmission for a period of five or ten years), and it facilitates the possibility of return to the United States, for example, by adjustment of status." *Iouri v. Ashcroft*, 487 F.3d 76, 85 (2d Cir. 2007) (citation modified).

[2] An I-130 "is the first step to help an eligible relative apply to immigrate to the United States and apply for a Green Card. The filing or approval of this petition does not give your relative any immigration status or benefit." https://www.uscis.gov/i-130 (last visited Nov. 2, 2026).

USCIS dated Jan. 23, 2020). The same month, an IJ found him statutorily ineligible for cancellation of removal but granted his request for voluntary departure, ordering him to voluntarily depart the country by December 17, 2018. Ex. D. Plaintiff appealed the decision to the BIA. *See* Ex. F (BIA decision of Nov. 19, 2020).

**III. 2020-2023: denial of I-130, dismissal of administrative appeal and subsequent remand from the Second Circuit, second denial of request for cancellation of removal for lack of good moral character and reinstatement of request for voluntary departure, and second administrative appeal**

In January 2020, USCIS denied the I-130 petition filed by Plaintiff's wife. Ex. E. In that denial, USCIS documented that Plaintiff and his wife decided to live separately in April 2017. *Id.* at 2. USCIS concluded that "you have failed to meet your burden of proof in establishing the intent in marriage was to establish a life together." *Id.* at 3.

In November 2020, the BIA dismissed Plaintiff's appeal and reinstated his voluntary departure request, ordering him to voluntarily depart the country by January 2021. Ex. F at 2-3. The BIA explicitly noted that if Plaintiff filed a petition for review, "the grant of voluntary departure is automatically terminated, and the alternate removal order shall immediately take effect." *Id.* at 3. Plaintiff filed a petition for review with the Second Circuit. *See Ramirez-Perez v. Garland*, No. 20-4196 (2d Cir. June 29, 2021). In June 2021, following intervening Supreme Court precedent, the Second Circuit remanded the matter to the BIA to allow Plaintiff to pursue his request for cancellation of removal on the merits. *Id.* The BIA remanded the matter to an IJ. Ex. G (BIA decision of Nov. 2, 2022). In 2023, hearings were held, at which Plaintiff testified. *See* ECF 8-6.

In June 2023, an IJ denied Plaintiff's request for cancellation of removal on the merits and reinstituted his prior grant of voluntary departure, now ordering him to voluntarily depart by August 14, 2023. ECF 8-6 at 22. At the hearing, Plaintiff informed the IJ that his qualifying

relatives for purposes of his cancellation request – his United States citizen wife and two children – would remain in the United States if he were removed to Guatemala. ECF 8-6 at 10. At the outset of his decision, the IJ observed,

> there were times when [Plaintiff's] candor [at the hearing] was appropriate, and other times when it appeared to the court that he was attempting to minimize certain behaviors or to maximize his involvement in the children's lives, when from the documentary evidence submitted, it is clear that his involvement in attending meetings and doctor's appointments was minimal.

*Id*. at 7. The IJ found that Plaintiff and his wife were separated for "approximately seven years, up until October 2022," during which time the children lived with their mother. *Id.* at 12, 19.

The IJ determined that Plaintiff lacked the required good moral character for cancellation and denied his application for that, and other reasons. *Id*. at 8-21. The IJ observed Plaintiff's testimony that he did not file tax returns from 2018 through 2022 because he and his wife were separated and because she claimed the children on her tax returns, he was unsure "how to do so." *Id*. at 9. But in his 2017 tax return, the IJ noted, Plaintiff did not claim his children as dependents and indicated his filing status as "married, filing separate." *Id*. Plaintiff lacked good moral character because he "has not filed a tax return since 2017" and his explanation for having failed to do so rang "hollow" and did not appear "to be a truthful reason." *Id*. Further supporting the denial of cancellation, Plaintiff failed to establish the required exceptional and extremely unusual hardship to his three qualifying relatives. *Id*. at 8-19. And in exercising discretion to deny cancellation, the IJ considered the fact that Plaintiff "work[ed] without authorization [in the United States] for a fairly extensive period of time." *Id*. at 21. In July 2023, Plaintiff appealed to the BIA with the assistance of his immigration attorney. ECF 8-3 at ¶¶ 17-18. That appeal remains pending as of the filing of the Complaint.[3] ECF 8-2 at ¶ 7 (counsel's declaration).'

[3] The substance of the appeal is currently unknown.

### IV. 2024-present: work authorization, removal from the United States, and filing of Complaint and request for injunctive relief

As of September 26, 2024, Plaintiff received an employment authorization. ECF 8-8 (copy of employment authorization); *see* ECF 8-3 at ¶ 19. On or about September 7, 2025, Plaintiff was removed to Guatemala. ECF 1 at ¶ 232. According to Plaintiff, if the BIA dismisses his appeal, he will file a petition for review with the Second Circuit and request a stay of removal. ECF 8-3 at ¶ 54. More than one year after his removal, he filed the instant Complaint and request for injunctive relief against the OC Defendants.

## ARGUMENT

### I. This Court Should Dismiss Plaintiff's Claims Against the OC Defendants and Deny His Related Motion for Injunctive Relief for Lack of Jurisdiction and Dismiss His Claims for Failure to State a Claim.

#### A. Standards for Dismissal Under Federal Rules of Civil Procedure 12(b)(1) and (b)(6)

The standards for dismissal under Federal Rules of Civil Procedure 12(b)(1) and (b)(6) are "substantively identical." *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003), *vacated in part on other grounds*, 459 F.3d 273 (2d Cir. 2006); *Murtaugh v. New York*, 810 F.Supp.2d 446, 464 (N.D.N.Y. 2011) (Suddaby, J.) (same). The only meaningful difference between the two standards is the allocation of the burden of proof, in that the movant bears the burden of proof for dismissal under Rule 12(b)(6). *See Lerner*, 318 F.3d at 128.

A plaintiff asserting subject matter jurisdiction bears the burden of proving that it exists by a preponderance of the evidence. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014); *see Rosse v. United States*, 110 F. Supp. 3d 415, 422 (N.D.N.Y. 2015) (D'Agostino, J.) ("Once subject matter jurisdiction has been questioned, the burden to plead and prove subject matter jurisdiction is upon the plaintiff."). In resolving such a motion, a court may properly refer to evidence outside

of the pleadings. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *Murtaugh*, 810 F.Supp.2d at 464 (citing *Makarova*, *supra*). Where the jurisdictional facts are disputed, "the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)). A plaintiff must affirmatively establish jurisdiction "and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU*, 343 F.3d at 623 (citation omitted). When the court lacks the statutory authority or constitutional power to adjudicate a case, the proper remedy is dismissal under Rule 12(b)(1). *Mastafa*, 770 F.3d at 177.

In turn, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency of the complaint, taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." *Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009); *see Decker Advert. Inc v. Delaware Cnty., New York*, 765 F.Supp.3d 128, 141 (N.D.N.Y. 2025) (Nardacci, J.) (same). Although review of a 12(b)(6) motion is "generally limited to the facts presented in the pleadings, the court may consider documents that are 'integral' to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings." *Decker Advert. Inc.*, 765 F. Supp. 3d at 141 (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

### B. This Court Lacks Subject Matter Jurisdiction to Consider Plaintiff's Claims Against the OC Defendants and His Related Motion for Injunctive Relief and He Has Failed to State a Claim Upon Which Relief Can Be Granted.

Plaintiff asserts subject matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. §§ 1343(a)(1), (3)-(4) (civil rights), and 5 U.S.C. §§ 702 and 706 (APA). ECF 1 at ¶ 259. He frames his five causes of action against the OC Defendants as violations of the APA, the *Accardi* doctrine, and the Fourth and Fifth Amendments. *Id.* at ¶¶ 309-32. Specifically, he challenges: (1) his purported "wrongful deportation," *id.* at ¶¶ 314-27; (2) the "course of conduct" leading up to his removal, "including his unlawful seizure, arrest, denial of access to counsel, and detention," *id.* at ¶ 317; *see id.* at ¶¶ 319-27;[4] and (3) his "unreasonable seizure," *id.* at ¶¶ 328-32. He alleges that he does not "have a final order of removal" *id.* at ¶ 312, and that his removal was precluded under the INA at 8 U.S.C. § 1231(a)(1)(B) and one of the regulations implementing the INA, 8 C.F.R. § 1003.6(a), *id.* at ¶¶ 312, 316; *see id.* at ¶¶ 321-22. He claims that due to his removal to Guatemala, he "is unable to participate in his pending cancellation of removal proceedings from within the United States." *Id.* at ¶ 313. He asserts that the OC Defendants' "course of conduct" leading to his removal, "must be set aside" and he "must be restored to the status quo before his seizure." *Id.* at ¶¶ 314-18; *see id.* at 319-27. And he asserts "a claim in equity" due to his "unreasonable seizure" that "led to his unlawful removal," the remedy for which he alleges is an order requiring his return to the United States so he can be with his family and "continue to pursue his cancellation of removal case to completion, including, if necessary, the opportunity to file from within the United States a petition for review" and "to seek a stay of removal" in the Second Circuit. *Id.* at ¶¶ 328-32.

[4] Plaintiff's claims of unlawful seizure, arrest, denial of access to counsel, and detention against the OC Defendants are based on and related to the causes of action brought against the Defendants named in their individual capacities. *See* ECF 1 at ¶¶ 261-308.

The APA – the primary basis of Plaintiff's claims against the OC Defendants –"explicitly does not apply 'to the extent that. . .statutes preclude judicial review.'" *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (per curiam) (quoting 5 U.S.C. § 701(a)(1)); *Singh v. USCIS*, 878 F.3d 441, 445 (2d Cir. 2017); *see* ECF 1 at ¶¶ 314-27 (Ninth through Eleventh Causes of Action).[5] There is such a statute here: the INA at 8 U.S.C. §§ 1252(a)(5),[6] (b)(9),[7] and (g).[8]

The Second Circuit instructs that a court is to examine the substance of the relief sought by the plaintiff to determine whether it has jurisdiction. *Delgado*, 643 F.3d at 55; *accord Singh*, 878 F.3d at 445. The purpose behind provisions in the INA such as 8 U.S.C. § 1252(a)(5) "was to streamline judicial scrutiny of removal orders by consolidating those proceedings in one forum and to eliminate the possibility of piecemeal challenges." *Singh*, 878 F.3d at 446. The Second Circuit has held that a district court is barred from reviewing direct and indirect challenges to a removal order by section 1252(a)(5). *Delgado*, 643 F.3d at 55; *accord Singh*, 878 F.3d at 445.[9]

---

[5] Under the *Accardi* doctrine, "government agencies are generally required to follow their own regulations." *Federal Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954)). When an agency fails to follow its regulations, its failure can be challenged under the APA. *Id.*

[6] 8 U.S.C. § 1252(a)(5) provides,

> Notwithstanding any other provision of law (statutory or nonstatutory). . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter.

[7] 8 U.S.C. § 1252(b)(9) provides,

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction. . .by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

[8] 8 U.S.C. § 1252(g) provides,

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

[9] Courts within this circuit have relied on *Delgado* or *Singh* or both to dismiss direct or indirect challenges to removal orders for lack of jurisdiction under 8 U.S.C. § 1252(a)(5) and/or 8 U.S.C. § 1252(b)(9). *See Alcantara Moreno v. Noem*, No. 26-CV-00176, 2026 WL 2124046, at *3-4 (E.D.N.Y. July 23, 2026) (relying on *Delgado* and dismissing

Following *Singh* and *Delgado*, and like other courts in this circuit, *supra* note 9, this Court recently recognized that under 8 U.S.C. §§ 1252(a)(5) and (b)(9), "Congress has stripped the District Courts of jurisdiction to decide all legal and factual questions related to an alien's eligibility for removal." *Taal v. Trump*, No. 3:25-cv-335, 2025 WL 926207, at *2 (N.D.N.Y. Mar. 27, 2025) (Coombe, J.) (citation omitted). The combination of sections 1252(a)(5) and (b)(9) "'mean that *any* issue – whether legal or factual – arising from *any* removal-related activity can be reviewed *only* through' a petition for review filed with an appropriate court of appeals." *Asylum Seeker Advoc. Project v. Barr*, 409 F.Supp.3d 221, 224 (S.D.N.Y 2019) (citation omitted) (emphasis in original)); *see Sauceda Henriquez v. Noem*, No. 25-cv-07023, 2026 WL 111665, at *3-4 (E.D.N.Y. Jan. 15, 2026) (same).

Here, the substance of the relief Plaintiff seeks against the OC Defendants is facilitation of his return to the United States based on challenges to the lawfulness of his removal, and the conduct leading up to it. ECF 1 at 309-32; *id*. at 81 (Prayer for Relief). He seeks the same relief against the OC Defendants in his motion for a preliminary injunction, ECF 8-1 at 11, 34, further requesting that the Court "enjoin Defendants from re-detaining him absent a material change in circumstances such as entry of a final order of removal not subject to a stay," *id*. at 25. As established below, his claims, however, are direct or indirect challenges to the execution of his removal order and removal-related activity. As further shown below, no matter how Plaintiff frames his claims in the

matter for lack of jurisdiction under sections 1252(a)(5) and (b)(9)); *Sevastianov v. Scott*, No. 24 Civ. 1075, 2026 WL 880284, at *2-3 (S.D.N.Y. Mar. 31, 2026) (relying on *Singh* and *Delgado* and dismissing matter for lack of jurisdiction under sections 1252(a)(5) and (b)(9)); *Lin v. Bondi*, No. 24-CV-8177, 2026 WL 817936, at *5-7 (E.D.N.Y. Mar. 25, 2026) (relying on *Singh* and *Delgado* and dismissing matter for lack of jurisdiction under section 1252(a)(5)); *Sauceda Henriquez v. Noem*, No. 25-cv-07023, 2026 WL 111665, at *4 (E.D.N.Y. Jan. 15, 2026) (relying on *Delgado* and dismissing matter for lack of jurisdiction under sections 1252(a)(5) and (b)(9)); *Metreveli v. Flanagan*, No. 25-CV-8039, 2025 WL 3496754, at *4-6 (S.D.N.Y. Dec. 5, 2025) (relying on *Singh* and *Delgado* and dismissing matter for lack of jurisdiction under sections 1252(a)(5), (b)(9), and (g)); *Jiang v. Bondi*, No. 24-CV-03138, 2025 WL 1503986, at *2-3 (E.D.N.Y. May 27, 2025) (relying on *Singh* and *Delgado* and dismissing matter for lack of jurisdiction under section 1252(a)(5)); *see also Shah v. Holder*, No. 10-CV-782A, 2011 WL 334453, at *2 (W.D.N.Y. Jan. 31, 2011) (pre-dating *Singh* and *Delgado* and dismissing matter for lack of jurisdiction under section 1252(a)(5)).

Complaint or his arguments in his motion for injunctive relief, this Court is jurisdictionally precluded from considering them under sections 1252(a)(5), (b)(9), and (g).

Notably, courts have dismissed claims of alleged wrongful removal identical to those raised by Plaintiff: based on removal that occurred while an appeal was pending before the BIA. For instance, at least three circuits have determined that district courts lack jurisdiction to review claims of wrongful removal during the pendency of an appeal before the BIA. As the Eighth Circuit explained, even if authorities "mistakenly executed" a removal order during the pendency of a BIA appeal, that order "still existed after the administrative appeal was filed." *Silva v. United States*, 866 F.3d 938, 940 (8th Cir. 2017). The Court in *Silva* determined that even if the removal "happened to be in violation of a[n] [administrative] stay," the plaintiff's claims "are directly connected to the execution of the removal order." *Id*. Relying on *Silva*, the Third Circuit similarly concluded that, to the extent the plaintiff asserted that immigration authorities "violated the automatic stay," section 1252(g) precluded review of that claim because it arose from the action or decision to execute a removal order. *Merritt v. ICE*, 737 Fed. Appx. 66, 68 (3d Cir. 2018). In an earlier decision, the Fifth Circuit likewise concluded that the district court lacked jurisdiction under section 1252(g) to review the plaintiff's claims that his removal violated the administrative stay regulation because the "particular acts that form the basis of [the] lawsuit arise from the officials' decision to execute his removal order." *Foster v. Townsley*, 243 F.3d 210, 214 (5th Cir. 2001).

At least two courts in this Circuit have followed suit, dismissing for lack of jurisdiction claims of wrongful removal during the pendency of an appeal before the BIA, under sections 1252(a)(5) and (g), respectively. *See Escobar-Hernandez v. Barr*, No. 20-CV-9714, 2021 WL 1863972, at *1-3 (S.D.N.Y. May 10, 2021) (court lacked jurisdiction to consider constitutional

challenges to the removal proceedings under section 1252(a)(5) where petitioner was removed while his appeal was pending before the BIA); *Akande v. Philips*, No. 1:17-CV-01243, 2018 WL 3425009, at *2, 4 (W.D.N.Y. July 11, 2018) (court lacked subject matter jurisdiction under 8 U.S.C. § 1252(g) to consider "Plaintiff's allegations of wrongful conduct aris[ing] from the execution of his removal order" including that he was removed in violation of 8 C.F.R. § 1003.6(a)).[10] Notably, at least one court in this circuit recently rejected on jurisdictional grounds an identical request for an order directing the government to facilitate a plaintiff's return to the United States. *Alcantara Moreno*, 2026 WL 2124046, at *4 ("The ultimate relief he seeks – return to the United States – is a direct challenge to his order of removal [and] the Court lacks jurisdiction to hear such a challenge" under sections 1252(a)(5) and (b)(9)) (citation modified).

To the extent Plaintiff may assert that the jurisdictional bar does not apply because he remains in removal proceedings and his removal order is not final, *see* ECF 1 at ¶¶ 232-33, 312, he is mistaken. As Justice Thomas has explained, "[s]ection 1252(b)(9) is not restricted to challenges to removal orders. The text refers to review of '*all* questions of law and fact' arising from removal, not just removal orders." *Jennings v. Rodriguez*, 583 U.S. 281, 320 (2018) (Thomas, J., concurring in part and concurring in the judgment, joined by Gorsuch, J.) (quoting section 1252(b)(9) (emphasis in original)). The Second Circuit concurs. Earlier this year, the Second Circuit explicitly rejected the notion that 8 U.S.C. § 1252(b)(9) applies "only after a final order of removal is issued, and [] has no application where proceedings are ongoing." *Mahdawi v. Trump*, 183 F.4th 103, 117 (2d Cir. 2026).[11] It explained that its interpretation of section 1252(b)(9)

[10] Courts in other circuits have reached the same conclusion. *E.g.*, *Lopez Silva v. United States*, No. 14-5084, 2016 WL 953233, at *2-3 (D. Minn. Mar. 11, 2016) (relying on Fifth Circuit precedent to conclude that the court lacked jurisdiction to consider claim of removal in violation of the automatic stay triggered by then-pending appeal to the BIA); *Magallanes v. United States*, 184 F.Supp.3d 1372, 1366-77 (N.D.Ga. 2015) (holding that the court lacked jurisdiction to consider a claim challenging the execution of a removal order as unlawful).

[11] In *Mahdawi*, the Second Circuit recently ordered rehearing en banc and simultaneously held the en banc proceedings in abeyance "in the event that the Supreme Court in this or another matter grants certiorari on the following question

aligned with its interpretation of 1252(a)(5) in its earlier decision in *Delgado*. *Id.* at 119. It recalled that in *Delgado*, where the substance of the relief sought by the applicant equaled a challenge to the removal order, the applicant could not escape the jurisdictional bar under section 1252(a)(5) "'through artful pleading.'" *Id.* (quoting *Delgado*, 643 F.3d at 55). The Court recognized that "Section 1252(b)(9), by its terms, channels legal questions that are bound up with (and thus arise from) an action taken to remove an alien." *Id.* at 120 (quoting *Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026) (citation modified)).[12]

To the extent Plaintiff challenges his detention in or around September 2025, *see* ECF 1 at ¶¶ 317, 322, 326, those claims would properly be brought in the habeas context (which this case is not) and in any event, are both belated and moot given his removal from the country. *See Pena v. Lynch*, 257 F.Supp.3d 346, 347 (S.D.N.Y. 2017) (habeas petition rendered moot by plaintiff's removal from the United States); *Arthur v. DHS/ICE*, 713 F.Supp.2d 179, 181-82 (W.D.N.Y. 2010) (same); *Valentine v. Herron*, No. 908-CV-0901, 2009 WL 1457686, at *1-2 (N.D.N.Y. May 22, 2009) (Kahn, J.) (denying and dismissing habeas petition as moot because petitioner had been removed from the country); *see also Escobar-Hernandez*, 2021 WL 1863972, at *3 (denying habeas petition as moot when petitioner was removed from the country). And Plaintiff's request for an order preventing the OC Defendants from "re-detaining" him should he return to the United States is premature and improper. *See* ECF 8-1 at 25. Any claims about any future immigration detention would have to be pursued via a habeas petition filed at the appropriate time and in the

---

which is presented in this case: whether the district court lacked subject matter jurisdiction to grant habeas relief to the petitioner in light of any provision of 8 U.S.C. § 1252." *Mahdawi v. Trump*, No. 25-1113, ECF 244.1 (2d Cir. Sept. 3, 2026).

[12] Even if Plaintiff was not currently in removal proceedings, his claims would still be precluded by section 1252(b)(9). *Ahmed v. Rubio*, ---F.Supp.3d---, 2026 WL 2643486, at *5-6 (S.D.N.Y. 2026) ("[T]hat removal proceedings for Mr. Ahmed have not commenced does not salvage his claim (under the First Amendment, Fifth Amendment, the INA, the APA, the *Accardi* Doctrine, and the Non-Delegation Doctrine) . . . because 'section 1252(b)(9) is not restricted to challenges to removal orders. The text refers to review of <u>all</u> questions of law and fact arising from removal, not just removal orders.'") (quoting *Jennings*, 583 U.S. at 320) (emphasis in original)).

appropriate court.

At base, Plaintiff's "ultimate goal" is to challenge, whether directly or indirectly, his removal and removal-related activity so that he can return to this country to pursue cancellation of removal, a form of relief that has already been denied three times. *See* ECF 8-6 at 2-23; Ex. D & F; *Delgado*, 643 F.3d at 55-56; *see Mahdawi*, 183 F.4th at 117-21; *Singh*, 878 F.3d at 445-46. This Court is barred from considering Plaintiff's claims, and his related motion for injunctive relief, under 8 U.S.C. §§ 1252(a)(5), (b)(9) and (g), including his request for an order declaring his removal unlawful and requiring the OC Defendants to facilitate his return to the United States.[13] *See*, *e.g., Silva*, 866 F.3d at 940; *Foster*, 243 F.3d at 214; *Merritt*, 737 Fed. Appx. at 68; *Alcantara Moreno*, 2026 WL 2124046, at *4; *Akande*, 2018 WL 3425009, at *2, 4. His failure to satisfy his burden of proving this Court has subject matter jurisdiction requires dismissal under Rule 12(b)(1). Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Because Plaintiff has failed to establish that this Court has subject matter jurisdiction and given that substantive similarity for dismissal under Rules 12(b)(1) and (b)(6), he has also failed to state a claim upon which relief can be granted. Dismissal is thus also required under Rule 12(b)(6). This Court should therefore grant the instant motion and dismiss Plaintiff's claims against the OC Defendants and his motion for a preliminary injunction.

---

[13] Should any doubt remain about the causes of action brought against the OC Defendants under the Fourth and Fifth Amendments, ECF 1 at ¶¶ 309-13, 328-332 (Eighth and Twelfth Causes of Action), Plaintiff cannot circumvent the jurisdictional bar by asserting those claims. *See Foster*, 243 F.3d at 214 (the district court correctly concluded it lacked jurisdiction under section 1252(g) to review the plaintiff's "claims of excessive force, denial of due process, and denial of equal protection and retaliation [because they] are all directly connected to the execution of the deportation order"); *Alcantara Moreno v. Noem*, No. 26-CV-00176, 2026 WL 2124046, at *4 (E.D.N.Y. July 23, 2026) (court lacked jurisdiction to review plaintiff's assertions of constitutional violations because "challenging the process of removal does not allow a plaintiff to circumvent the jurisdictional bar when they are ultimately challenging the validity of the removal order itself"); *Sauceda Henriquez*, 2026 WL 111665, at *4 (challenges to detention based on violation of due process "does not alter the Court's inability" to review those claims under sections 1252(a)(5) and (b)(9), which bar review of challenges to "removal-related activity" or those that are "inextricably linked to a removal order") (citations omitted)).

## II. This Court Should Deny Plaintiff's Motion for Injunctive Relief.

Even if this Court were to consider Plaintiff's motion for a preliminary injunction, it fails. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As the movant, Plaintiff must make a "clear showing" that he warrants the "extraordinary and drastic" remedy of a preliminary injunction. *St. Joseph's Hosp. Health Ctr. v. Am. Anesthesiology of Syracuse, P.C.*, 131 F.4th 102, 106 (2d Cir. 2025) (citation omitted); *see Taal*, 2025 WL 926207, at *1 (same). Typically, a preliminary injunction "is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits." *Mastrovincenzo v. City of New York*, 435 F.3d 78, 89 (2d Cir. 2006) (citation omitted). In contrast, a mandatory injunction "is said to alter the status quo by *commanding some positive act*." *Id.* (citation modified) (emphasis in original). Where, as here, the movant seeks a mandatory injunction against the government, he must meet the more stringent requirement of demonstrating a "substantial" or "clear" likelihood of success on the merits. *Id.* (citation omitted). Plaintiff must also demonstrate irreparable injury and that the injunction is in the public interest.[14] *Real Est. Bd. of New York, Inc. v. City of New York*, 182 F.4th 140, 163 (2d Cir. 2026).

### A. Plaintiff Has Not Shown a Clear or Substantial Likelihood of Success on the Merits.

Plaintiff argues that he is likely to succeed on the merits because his "seizure, arrest, detention, and summary removal violated the APA and the Fifth Amendment," and the Fourth Amendment and *Accardi* doctrine. ECF 8-1 at 7-25.[15] He makes no mention of the firm

[14] A movant must also demonstrate that the balance of equities merits the issuance of an injunction, but this factor merges into the public interest inquiry when the government is a party to the complaint. *Gazzola v. Hochul*, 645 F.Supp.3d, 37, 50 (N.D.N.Y. 2022) (Sannes, C.J.).

[15] Plaintiff raises claims and arguments in his motion that he does not appear to raise against the OC Defendants in his Complaint: (1) that his detention in September 2025 was "was governed by 8 U.S.C. § 1226(a)," ECF 8-1 at 10; (2) that his right to counsel while in "Defendants' custody" "is protected by the First Amendment," *id.*; (3) that the OC Defendants violated 8 C.F.R. § 236.1(b)(1) because they did not produce a "warrant for his arrest or detention," *id.* at 13; and (4) that in the "Defendants violated 8 C.F.R. § 236.1(c)(9) in "re-detaining" him without "formally

jurisdictional bar at 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g). It appears then that Plaintiff asks the Court to either ignore the jurisdictional bar or to assume it has jurisdiction and examine the merits of his claims so that he can be granted the remedy he seeks: facilitation of return to the United and an order enjoining the OC Defendants from "re-detaining" him on his return. *See* ECF 8-1 at 7-25. He puts the cart before the horse.

The Court *must* satisfy itself that it has jurisdiction before considering his request for injunctive relief based on the same claims he raises in the Complaint. Fed. R. Civ. P. 12(h)(3); *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."); *Gazzola v. Hochul*, 645 F.Supp.3d. 37, 51 (N.D.N.Y. 2022) (Sannes, C.J.) (determining that due to its independent obligation to assure itself of jurisdiction, the court would first consider the question of standing before considering the motion for injunctive relief); *Simmons v. USCIS*, No. 05-CV-1848, 2006 WL 1652650, at *2 (E.D.N.Y. June 12, 2006) ("This Court must examine the basis, if any, of its subject matter jurisdiction before addressing petitioner's motion for injunctive relief."). To be sure, "the requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998) (citation modified).

Assessing jurisdiction here is particularly important because Plaintiff must meet the more stringent standard for a mandatory injunction requiring a showing of a clear or substantial likelihood of success on the merits. "When an injunction seeks to require a party who has *recently*

---

revoking his 2018 release on bond," *id*. at 13-14 (emphasis added).

*disturbed* the status quo to reverse its actions, it seeks to restore, rather than disturb, the status quo ante, and is thus not an exception to the rule that is typically applied in evaluating motions for a preliminary injunction." *Students for Fair Admissions v. United States Mil. Acad. at West Point*, 709 F.Supp.3d 118, 130 (S.D.N.Y. 2024) (citation modified) (emphasis in original). Here, however, the status quo was not "recently disturbed," given that Plaintiff waited more than one year after his removal to file the instant motion and Complaint. Plaintiff was thus willing to live with the status quo – purportedly living abroad with his family in Guatemala since September 2025 – and should therefore be held to the higher standard for a mandatory injunction. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 978 (10th Cir. 2004) (Murphy, J.) (concurring in part and dissenting in part) ("A plaintiff who was willing to live with the status quo before filing its complaint should meet a higher standard in order to have the court intervene with an injunction that alters the status quo.").

Plaintiff argues in passing that he has suffered prejudice due to his removal because it "impaired his ability to seek judicial review." ECF 8-1 at 15. But the only relief from removal Plaintiff is alleged to be seeking before the BIA is cancellation of removal. ECF 8-3 at ¶ 17. He does not have a liberty interest in cancellation of removal, a form of discretionary relief, so his Fifth Amendment rights are not implicated in that regard. *See Yuen Jin v. Mukasey,* 538 F.3d 143, 156-57 (2d Cir. 2008) (noncitizen does not have a constitutionally protected right to discretionary relief); *see also Rivera v. Sessions*, 903 F.3d 147, 150-51 (1st Cir. 2018) (no protected liberty interest in cancellation of removal); *Aparicio-Brito v. Lynch*, 824 F.3d 674, 684 (7th Cir. 2016) (same). He also states that he is represented by immigration counsel before the BIA, ECF 8-3 at ¶ 18, before which he filed his appeal brief from the denial of cancellation of removal in 2025, ECF 8-7. There is nothing preventing him from continuing to litigate his current appeal before the

BIA with the assistance of his counsel from abroad, as he is currently litigating the instant motion and complaint. And Plaintiff is not alleging that the BIA has ordered or otherwise requested his presence in the country for his appeal to continue. Should the BIA deny his appeal, there is also nothing preventing him from pursuing any potential petition for review from abroad. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) ("An alien who has been removed may continue to pursue a petition for review [from abroad], and those aliens who prevail [on their petition for review] can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal.").

As demonstrated above, the INA precludes judicial review in this Court of Plaintiff's claims under the APA, *Accardi* doctrine, and Fourth and Fifth Amendments.[16] *Supra* Section I.B; *see supra* note 13. Because the Court lacks subject matter jurisdiction to consider Plaintiff's claims underlying his motion for injunctive relief, he cannot establish a clear or substantial likelihood of success on the merits of those claims.[17] And any claim concerning his detention in September 2025 prior to his removal is moot. *Supra* Section I.B.

---

[16] Relying on a case involving a United States citizen, *Hadwan v. U.S. Dep't of State*, in which the Second Circuit applied the due process framework in *Mathews v. Eldrige*, Plaintiff encourages this Court to apply that test here. *See* ECF 8-1 at 18-21 (citing 139 F.4th 209 (2d Cir. 2025)). This Court should decline his invitation. As argued, Plaintiff has no fundamental right to cancellation of removal, the only alleged form of relief on appeal before the BIA. *E.g.*, *Rivera*, 903 F.3d at 150-51. And "parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir.2008) (citation modified). Plaintiff has not established the required prejudice. Section II.A.

[17] Plaintiff's reliance on *Sanchez-Cruz v. Mullin* is misplaced. *See* ECF 8-1 at 20 (citing 833 F.Supp.3d 785 (E.D. Mich. 2026)). There, the plaintiff was removed while he had an administrative stay in place pending the resolution of his motion to reopen before the BIA. *Sanchez-Cruz*, 833 F.Supp.3d at 793-95. His proceedings were reopened and an IJ subsequently held that he could not file an asylum application because he was no longer physically present in the country. *Id*. at 795-96. Here, however, Plaintiff does not allege that his removal has prevented him from filing an application for relief or pursuing his cancellation of removal application. His reliance on *Abrego Garcia v. Noem*, is also misplaced. ECF 8-1 at 11-12 (citing 777 F.Supp.3d 501 (D.Md. 2025)). Abrego Garcia was subject to a withholding of removal order to his native El Salvador based on his claim of persecution in that country, but was removed to a prison in El Salvador. *Id*. at 508-09. Plaintiff does not allege that he was removed from the United States to a detention facility in Guatemala and otherwise has no claim of persecution in that country nor withholding of removal to that country.

**B. Plaintiff Has Not Shown Irreparable Harm.**

Plaintiff asserts that he "suffers irreparable harm from the continuing violation of his Fifth Amendment Due Process rights arising from his summary removal" which is "compounded" by his separation from his nuclear family in the United States. ECF 8-1 at 21-22. He has not established irreparable harm.

To establish irreparable harm, a movant "must demonstrate that absent a preliminary injunction, he will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (citation modified). Although the Second Circuit has recognized that alleging a constitutional violation triggers a finding of irreparable harm, this "presumption appears to be impacted by the outcome of the Court's analysis of the likelihood of success on the merits element." *Students for Fair Admissions*, 709 F.Supp.3d at 136 (citing cases). A mere allegation of a constitutional violation is insufficient on its own to trigger the presumption of irreparable harm. *Andre-Rodney v. Hochul*, 569 F.Supp.3d 128, 141 (N.D.N.Y. 2021) (Sannes, C.J.).

However, if the movant "convincingly" demonstrates the constitutional deprivation and that "violation carries noncompensable damages," then a finding of irreparable harm is triggered. *Id*. at 141-42 (citation modified). Importantly, a court must assess the likelihood of success on the merits prong to determine whether the movant has convincingly established the constitutional violation. *Id*. at 142. In other words, "because the violation of a constitutional right *is* the irreparable harm asserted here, the two prongs of the preliminary injunction threshold merge into one: in order to show irreparable injury, plaintiff must show a likelihood of success on the merits." *Turley v. Giuliani*, 86 F.Supp.2d 291, 295 (S.D.N.Y. 2000) (citation modified) (emphasis added).

Having failed to demonstrate a clear or substantial likelihood of success on his Fifth Amendment claim (or any of his claims), Plaintiff has not demonstrated irreparable harm.

Even if this Court were to consider his argument that his separation from his family in the United States, and any resulting "financial hardship and disruption of childcare," results in irreparable harm, that assertion is both undermined by and attributable to his own delay in waiting one year after his removal to request facilitation of return to this country. Even so, as the Supreme Court has recognized in the context of a stay of removal, "the burden of removal alone cannot constitute the requisite irreparable injury." *Nken*, 556 U.S. at 435; *Sarr v. Garland*, 50 F.4th 326, 335 (2d Cir. 2022) (same). To be sure, "even once inside the United States, aliens do not have an absolute right to remain here." *Jennings*, 583 U.S. at 288; *Hassoun v. Searls*, 968 F.3d 190, 204 (2d Cir. 2020) (recognizing same).

Even so, as detailed above, the immigration judge explicitly considered and rejected his request for cancellation of removal based on the very harm he alleges in his motion. Plaintiff, the IJ concluded, failed to show that they would suffer "hardship substantially beyond that which ordinarily results from a noncitizen's removal" and did not amount to the requisite exceptional and extremely unusual hardship. *Id*. at 9; *see id*. at 18-19 (analyzing hardship to his wife and children, including financial and emotional hardships); *see also id*. at 10-18 (analyzing hardship to his two U.S. citizen children, including financial, emotional, medical, and developmental hardships).

**C. Plaintiff Has Not Shown That an Injunction Is in the Public Interest.**

Even assuming, without conceding, that Plaintiff has satisfied the public interest requirement, his failure to establish a substantial or clear likelihood of success on the merits and irreparable harm is sufficient to deny his motion. *Gazzola*, 645 F.Supp.3d at 71. Nevertheless, his arguments fail. He relies on a quote from the Supreme Court's decision in *Nken v. Holder*, for the

proposition that the public interest is served by preventing individuals from wrongful removal. ECF 8-1 at 20 (quoting *Nken*, 556 U.S. at 436). However, he overlooks the full impact of the Court's statement there: "of course there is a public interest in preventing aliens from being wrongfully removed, *particularly to countries where they are likely to face substantial harm*." *Nken*, 556 U.S. at 436. Plaintiff does not allege that he faces harm in Guatemala. *See e.g.*, ECF 8-3 at ¶¶ 45-56.

And as noted, he requests facilitation of return so that he can "pursue his cancellation of removal case." ECF 8-1 at 23. But recognized in *Nken*, "an alien who has been removed may continue to pursue a petition for review [from abroad], and those aliens who prevail [on their petition for review] can be afforded effective relief by facilitation of their return, along with restoration of the immigration status they had upon removal." 556 U.S. at 435. Further, should his presence be ordered for his removal proceedings (which he does not allege) "[m]ost courts and many foreign embassies have the technology to support [a noncitizen's] participation in [their] immigration hearing by either video teleconferencing or by phone." ICE, FAQs: Facilitating Return for Lawfully Removed Aliens, "What if I believe I need to be present in the United States for my case after I have been removed?", available at https://www.ice.gov/remove/facilitating-return (last accessed Nov. 2, 2026). He pursues cancellation of removal, a form of relief that has been denied three times already. But he has not shown that he is prejudiced by pursuing that relief from abroad, *supra* Section II.A, or that the public interest is served by facilitating his return to this country to pursue that relief.

Plaintiff is not without recourse. He can channel his claims into a petition for review should the BIA dismiss his appeal (again). *E.g.*, *Mahdawi*, 183 F.4th at 117-20; *Singh*, 878 F.3d at 446. He can pursue any future petition for review from abroad; that is plain. *Nken*, 556 U.S. at 435. And

in the context of a stay of removal motion, a court cannot "simply assume that ordinarily, the balance of hardships will weigh heavily in the applicant's favor." *Id.* at 436 (citation modified). That principle should apply here. Further, "there is always a public interest in removal orders" because "the continued presence of an alien lawfully deemed removable undermines the streamlined removal proceedings IIRIRA established, and permits and prolongs a continuing violation of United States law." *Id.* (citation modified).

## CONCLUSION

Defendants respectfully request that this Court dismiss Plaintiff's causes of action against the OC Defendants in the Complaint and deny his motion for a preliminary injunction in their entirety, with prejudice, and for such other and further relief as this Court deems just and proper. Should the Court separately consider his motion for injunctive relief, Defendants request that this Court deny it with prejudice.

Dated: November 6, 2026

TODD BLANCHE
Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By: 
________________________
Vanessa M. Otero
Assistant United States Attorney
Bar Roll No. 707937