**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**PEDRO ROJAS, HEDIBERTO RAMIREZ PEREZ, MARIBEL LOPEZ MARTINEZ,** and **ARGENTINA JUAREZ-LOPEZ** on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

**ANDREW McCOY**, Special Agent, Homeland Security Investigations, in his individual capacity, *et al.*;

Defendants.

**Case No. 5:26-cv-01716-ECC-ML**

**PLAINTIFF HEDIBERTO RAMIREZ PEREZ'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A PRELIMINARY INJUNCTION**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........ 1

I. This Court Has Jurisdiction to Hear Eddie's Claims and to Order His Return. ........ 1

A. Section 1252(g) Does Not Apply. ........ 2

B. Sections 1252(a)(5) and (b)(9) Do Not Apply. ........ 5

C. This Court Has Jurisdiction to Enjoin Eddie's Re-Detention. ........ 7

II. Eddie's Request for a Preliminary Injunction Should Be Granted. ........ 7

A. Eddie Is Likely to Succeed on the Merits. ........ 7

B. Eddie Is Suffering Irreparable Harm. ........ 8

C. A Preliminary Injunction Is in the Public Interest. ........ 10

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abrego Garcia v. Noem*,
777 F. Supp. 3d 501 (D. Md. 2025) ........ 4, 8, 10

*Aparicio-Brito v. Lynch*,
824 F.3d 674 (7th Cir. 2016) ........ 8

*Arce v. United States*,
899 F.3d 796 (9th Cir. 2018) ........ 4

*Asylum Seeker Advoc. Project v. Barr*,
409 F. Supp. 3d 221 (S.D.N.Y. 2019) ........ 5

*Calderon v. Sessions*,
330 F. Supp. 3d 944 (S.D.N.Y. 2018) ........ 2, 3

*D.J.C.V. v. U.S. Immigr. & Customs Enf't*,
No. 18 Civ. 9115, 2018 WL 10436675 (S.D.N.Y. Oct. 15, 2018) ........ 9

*Deide v. Day*,
676 F. Supp. 3d 196 (S.D.N.Y. 2023) ........ 10

*Delgado v. Quarantillo*,
643 F.3d 52 (2d Cir. 2011) ........ 5

*DHS v. Regents of the Univ. of Cal.*,
591 U.S. 1, 19 (2020) ........ 3, 4, 6

*Duarte v. Warden*,
832 F. Supp. 3d 609 (W.D. Tex. 2026) ........ 1, 2

*Enriquez-Perdomo v. Newman*,
54 F.4th 855 (6th Cir. 2022) ........ 3, 4

*Foster v. Townsley*,
243 F.3d 210 (5th Cir. 2001) ........ 4

*Fulton v. Noem*,
No. 25-194, ECF No. 34.1 (2d Cir. Apr. 30, 2025) ........ 3, 6

*Garcia Carrera v. Garland*,
117 F.4th 9 (2d Cir. 2024) ........ 9

*Hassoun v. Searls*,
968 F.3d 190 (2d Cir. 2020) ........ 10

*Immigration Center for Women & Children v. Noem*,
351 F.R.D. 324, 397 (C.D. Cal. 2026) ........................................................................2

*Jennings v. Rodriguez*,
583 U.S. 281 (2018)..................................................................................................6

*Jiang v. Bondi*,
No. 24-CV-03138, 2025 WL 1503986 (E.D.N.Y. May 27, 2025) ..........................................5

*Joko v. USCIS Vt. Serv. Ctr.*,
No. 2:26-cv-101, 2026 WL 1246128 (D. Vt. Apr. 8, 2026) ..............................................2, 3

*Kucana v. Holder*,
558 U.S. 233 (2010)..................................................................................................2

*Mahdawi v. Trump*,
183 F.4th 103 (2d Cir. 2026), *reh'g en banc granted*, No. 25-1113 (2d Cir.
Sept. 3, 2026) ..........................................................................................................6

*Make the Road New York v. Pompeo*,
475 F. Supp. 3d 232 (S.D.N.Y. 2020) ...........................................................................9

*Martinez-Andino v. U.S. Dep't of Homeland Sec.*,
No. CV 26-1208, 2026 WL 2140430 (D.D.C. July 25, 2026)...............................................9

*N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*,
883 F.3d 32 (2d Cir. 2018)..........................................................................................8

*Niz-Chavez v. Garland*,
593 U.S. 155 (2021)..................................................................................................5

*Nken v. Holder*,
556 U.S. 418 (2009)...........................................................................................3, 10

*Noem v. Abrego Garcia,*
145 S. Ct. 1017 (2025).........................................................................................1, 2

*Orellana Cruz v. Oddo*,
No. 3:26-CV-00284, 2026 WL 1650733 (W.D. Pa. June 8, 2026) ........................................1

*Öztürk v. Hyde*,
136 F.4th 382 (2d Cir. 2025) ........................................................................2, 3, 5, 7

*Ramos-Lopez v. Bondi*,
838 F. Supp. 3d 457 (D. Md. 2026)........................................................................1, 7

*Reno v. Am.-Arab Anti-Discrimination Comm.*,
525 U.S. 471 (1999)...........................................................................................2, 3

*Rivera v. Sessions*,
903 F.3d 147 (1st Cir. 2018) ......7, 8

*Roe v. United States*,
No. 18-CV-2644, 2019 WL 1227940 (S.D.N.Y. Mar. 15, 2019) ......2, 3, 4

*Sanchez Cruz v. Mullin*,
833 F. Supp. 3d 785 (E.D. Mich. 2026) ......1, 8, 10

*Sanchez v. Mullin*,
188 F.4th 268 (4th Cir. 2026) ......4

*Sarr v. Garland*,
50 F.4th 326 (2d Cir. 2022) ......10

*Sauceda Henriquez v. Noem*,
No. 25-cv-07023, 2026 WL 111665 (E.D.N.Y. Jan. 15, 2026) ......5

*Torres-Jurado v. Biden*,
No. 19 Civ. 3595, 2023 WL 7130898 (S.D.N.Y. Oct. 29, 2023) ......2, 8

*Tripathy v. Lockwood*,
No. 22-949, 2022 WL 17751273 (2d Cir. Dec. 19, 2022) ......9

*Xol-Maas v. Francis*,
No. 26-CV-00025, 2026 WL 457005 (S.D.N.Y. Feb. 18, 2026) ......2, 3, 4

*Yafai v. Cuccinelli*,
No. 20 CIV. 2932, 2020 WL 2836975 (S.D.N.Y. June 1, 2020) ......9

*You v. Nielsen*,
321 F. Supp. 3d 451 (S.D.N.Y. 2018) ......2

*Yuen Jin v. Mukasey*,
538 F.3d 143 (2d Cir. 2008) ......7

*Zavala Leiva v. Mullin*,
No. 2:26-cv-253, 2026 WL 3082981 (D. Vt. Oct. 15, 2026) ......2, 7, 9

**Statutes**

8 U.S.C. § 1101(a)(47)(B) ......3

**Other Authorities**

8 C.F.R. § 1003.6(a) ......3, 7, 10

8 C.F.R. § 1003.6(b) ......5

# GLOSSARY

APA — Administrative Procedure Act

BIA — Board of Immigration Appeals

Defendants — The Official Capacity Defendants: Markwayne Mullin, Secretary of Homeland Security; David Venturella, Acting Director of U.S. Immigration and Customs Enforcement; Thomas Brophy, Director of Enforcement and Removal Operations, Buffalo Field Office; and James D'Amato, Chief Patrol Agent, U.S. Border Patrol, Buffalo Sector

Eddie — Plaintiff Hediberto Ramirez Perez (declaration at ECF No. 8-3, 'Eddie Decl.')

ICE — U.S. Immigration and Customs Enforcement

IJ — Immigration Judge

INA — Immigration and Nationality Act

Liz — Elizabeth Ramirez-Abrams, Eddie's wife (declaration at ECF No. 8-4, 'Liz Decl.')

Mem. — Memorandum of Law in Support of Plaintiff Hediberto Ramirez Perez's Motion for a Preliminary Injunction, ECF No. 8-1

Opp. — Memorandum of Law in Support of the Official Capacity Defendants' Motion to Dismiss and in Opposition to Plaintiff's Motion for a Preliminary Injunction, ECF No. 46

PFR — Petition for Review

## PRELIMINARY STATEMENT

Defendants do not dispute that they deported Eddie Ramirez Perez without a final order of removal and in violation of a mandatory stay. Instead, they contend that this Court lacks jurisdiction to remedy their unlawful conduct. By Defendants' logic, the government could violate mandatory stays with impunity. That is not the law. As in numerous other cases, this Court has jurisdiction because Eddie does not challenge his removal order or any ruling in his immigration proceedings, but a removal the law forbade. Eddie is also likely to succeed on the merits. Defendants do not deny violating the APA, INA, and a binding regulation; and their due process argument mischaracterizes Eddie's liberty interest. Eddie is suffering irreparable harm from the violation of his constitutional rights and separation from his wife and sons. And the public interest lies in preventing wrongful removals, not preserving them. The Court should grant the injunction and restore Eddie to the *status quo ante*, reuniting him with his family.

### I. This Court Has Jurisdiction to Hear Eddie's Claims and to Order His Return.

Defendants try to manufacture a jurisdictional bar by recasting Eddie's claims as challenges to the execution and validity of his stayed, non-final removal order. But that order is before the BIA, and Eddie does not ask this Court to decide anything about it. He challenges a removal that occurred *outside* his removal proceedings, while the automatic stay divested Defendants of any authority to remove him. Federal courts have jurisdiction over these claims and may order the government to undo unlawful removals.[1] In *Noem v. Abrego Garcia*, the Supreme Court left in place the requirement that the government "facilitate" Mr. Abrego Garcia's release and "ensure that his case is handled as it would have been had he not been improperly sent to El

---

[1] *See, e.g.*, *Sanchez Cruz v. Mullin*, 833 F. Supp. 3d 785, 793 (E.D. Mich. 2026) (exercising jurisdiction over APA and due process claims regarding removal while automatic stay in effect); *Orellana Cruz v. Oddo*, No. 3:26-CV-00284, 2026 WL 1650733, at *3 (W.D. Pa. June 8, 2026) (concluding court had jurisdiction over emergency motion for return of petitioner to United States after respondents removed petitioner while his BIA appeal remained pending); *Duarte v. Warden*, 832 F. Supp. 3d 609, 614 (W.D. Tex. 2026) (retaining jurisdiction to order return after respondents executed non-final removal order); *Ramos-Lopez v. Bondi*, 838 F. Supp. 3d 457, 466-67 (D. Md. 2026) (retaining jurisdiction over APA and due process claims while removal order suspended by special immigrant juvenile status and deferred action).

Salvador." 145 S. Ct. 1017, 1018 (2025).[2] Courts in this Circuit also have rejected the expansive reading of § 1252 that Defendants advance here[3] and ordered the relief Eddie seeks. *See, e.g.*, *Zavala Leiva v. Mullin*, No. 2:26-cv-253, 2026 WL 3082981, at *9 (D. Vt. Oct. 15, 2026) (enjoining government from preventing wrongfully removed noncitizen's reentry "in the same immigration status she had prior to her detention and removal") (quoting *Immigration Center for Women & Children v. Noem*, 351 F.R.D. 324, 397 (C.D. Cal. 2026)).

Defendants never explain how these courts exercised jurisdiction to undo unlawful removals if, on Defendants' reading, no court may remedy the government's violation of a mandatory stay—a reading that would leave the government "free to ignore with impunity automatic and court-ordered stays." *Roe*, 2019 WL 1227940, at *3 n.6. Such an interpretation cannot be squared with the fundamental "presumption favoring interpretations of statutes [to] allow judicial review of administrative action," *Kucana v. Holder*, 558 U.S. 233, 251 (2010) (citation omitted), and nothing in §§ 1252(g), (a)(5), or (b)(9) suggests otherwise.

**A. Section 1252(g) Does Not Apply.**

Defendants "dramatically overstate[] the reach" of § 1252(g)'s jurisdictional bar. *Öztürk v. Hyde*, 136 F.4th 382, 396 (2d Cir. 2025). Section 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate*

---

[2] *See Duarte*, 832 F. Supp. 3d at 614 n.17 (drawing "some additional reassurance" of jurisdiction from *Abrego Garcia*'s refusal to vacate return order because jurisdiction was "fully briefed and directly before the Court").

[3] *See Roe v. United States*, No. 18-CV-2644, 2019 WL 1227940, at *4 (S.D.N.Y. Mar. 15, 2019) (rejecting § 1252(g) bar where plaintiff was deported in violation of automatic stay); *Calderon v. Sessions*, 330 F. Supp. 3d 944, 954-56 (S.D.N.Y. 2018) (rejecting bars and staying removal); *You v. Nielsen*, 321 F. Supp. 3d 451, 457-59 (S.D.N.Y. 2018) (government's reading of §§ 1252(a)(5) and (b)(9) "would . . . permit ICE to arrest, detain, and remove Petitioner without any statutory or constitutional constraints"); *Torres-Jurado v. Biden*, No. 19 Civ. 3595, 2023 WL 7130898, at *2-3 (S.D.N.Y. Oct. 29, 2023) (rejecting §§ 1252(g) and (b)(9) bars and staying removal where stay was revoked without process); *see also Xol-Maas v. Francis*, No. 26-CV-00025, 2026 WL 457005, at *6-7 (S.D.N.Y. Feb. 18, 2026) (narrow reading of § 1252(g) "accords with the Second Circuit's most recent consideration of [provision]'s scope"); *Joko v. USCIS Vt. Serv. Ctr.*, No. 2:26-cv-101, 2026 WL 1246128, at *3 (D. Vt. Apr. 8, 2026) (rejecting § 1252(g) bar and enjoining removal while BIA appeal pending).

cases, or *execute* removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (*AADC*) (quoting § 1252(g)). The Supreme Court thus adopted a "narrow reading" of the provision, *id*. at 487, which was designed to protect "prosecutorial discretion," *id*. at 485 n.9, and rejected the "'implausible'" suggestion that it covers "'all claims arising from deportation proceedings,'" *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020) (*Regents*) (quoting *AADC*, 525 U.S. at 482). Section 1252(g) thus reaches only the Attorney General's discretionary decisions, and the Second Circuit has declined to apply it to challenges to detention or the manner of removal. *See Öztürk*, 136 F.4th at 396 (habeas challenge to detention); *Fulton v. Noem*, No. 25-194, ECF No. 34.1, at 2 (2d Cir. Apr. 30, 2025) (finding that § 1252(g) likely does not bar challenge to "the manner of his removal, and not the discretionary decision to remove him"); *accord Xol-Maas*, 2026 WL 457005, at *4, *6-7 (rejecting § 1252 bar, citing *Öztürk* and *Fulton*). A claim that the government had no authority to remove at all lies even further from that discretion, and courts in this Circuit have held that § 1252(g) does not bar it. *See Roe*, 2019 WL 1227940, at *4; *Joko*, 2026 WL 1246128, at *3 (government lacked "the legal authority to remove him while his BIA appeal and TPS application remain pending"); *Calderon*, 330 F. Supp. 3d at 955 (permitting challenge to ICE's "legal authority" to initiate removal).

As in those cases, Defendants had no authority to remove Eddie. While a BIA appeal is pending, an IJ's order is not final, 8 U.S.C. § 1101(a)(47)(B), and "shall not be executed," 8 C.F.R. § 1003.6(a), so it is not "*executable*." *Enriquez-Perdomo v. Newman*, 54 F.4th 855, 863 (6th Cir. 2022) (§ 1252(g) reaches only "existing and enforceable removal orders subject to execution"). A stay operates "by temporarily suspending the source of authority to act." *Nken v. Holder*, 556 U.S. 418, 428-29 (2009). Defendants do not dispute that they removed Eddie while his appeal was pending. With no executable order, there was no "decision or action by the Attorney General to . . . execute removal orders" for § 1252(g) to protect.

*Roe* is on point: once plaintiff filed his BIA appeal, "thereby triggering a mandatory and automatic stay, the Government had neither the authority nor the discretion to remove Plaintiff, and § 1252(g) therefore does not apply to his claims." 2019 WL 1227940, at *4. *Abrego Garcia*

also rejected the government's § 1252(g) argument because it was asked not "to review the wisdom of the Attorney General's lawful exercise of authority," but to decide "whether his return to El Salvador violated the INA." *Abrego Garcia v. Noem*, 777 F. Supp. 3d 501, 514-15 (D. Md. 2025).

Defendants' out-of-circuit cases, Opp. 11-12, are either readily distinguishable, or their reasoning has been rejected by other circuits and courts in this circuit. For example, *Merritt v. ICE* involved no stay because plaintiff waived his appeal and stipulated to removal, 737 F. App'x 66, 67 & n.1 (3d Cir. 2018); and *Magallanes v. United States* involved a direct attack on a final removal order—which Eddie does not bring. 184 F. Supp. 3d 1372, 1377 (N.D. Ga. 2015). And Defendants' remaining cases rest on reasoning that three circuits, and district courts in this Circuit, have rejected. In *Silva v. United States*, decided before *Regents*, a divided Eighth Circuit panel held that § 1252(g) applied because the removal order "still existed" after the appeal was filed, regardless of the lack of authority to execute it. 866 F.3d 938, 940 (8th Cir. 2017); *see also Foster v. Townsley*, 243 F.3d 210, 214 (5th Cir. 2001).[4] But the Ninth Circuit found *Silva*'s dissent "much more persuasive" and held that a claim based on removal in violation of a stay falls outside § 1252(g), *Arce v. United States*, 899 F.3d 796, 800-01 (9th Cir. 2018); the Sixth Circuit, after considering *Silva* and *Foster*, limited § 1252(g) to "executable" orders, *Enriquez-Perdomo*, 54 F.4th at 863, 866-67; and the Fourth Circuit held that § 1252(g) bars only challenges to the government's "discretionary decision to remove [a noncitizen] at a time when the government unquestionably" has legal authority to do so, *Sanchez v. Mullin*, 188 F.4th 268, 276 (4th Cir. 2026).

Courts in this Circuit agree, because "relevant Supreme Court and Second Circuit precedent yields the inexorable conclusion" that § 1252(g) is limited to "challenges to the Government's discretionary decisionmaking." *Xol-Maas*, 2026 WL 457005, at *6; *see Roe*, 2019 WL 1227940, at *3-4 (following *Arce*). The contrary decision Defendants cite, *Akande v. Philips*, predates *Arce*, was decided on initial screening of a *pro se* complaint without briefing, and adopts *Silva* in a single sentence. No. 1:17-CV-01243, 2018 WL 3425009, at *4 (W.D.N.Y. July 11,

[4] Notably, even in *Silva* and *Foster*, the government had returned the plaintiff after realizing its error in deporting him. *Silva*, 866 F.3d at 939; *Foster*, 243 F.3d at 211.

2018). The weight of authority confirms that § 1252(g) does not strip this Court of jurisdiction over Eddie's claims.

**B. Sections 1252(a)(5) and (b)(9) Do Not Apply.**

Neither §§ 1252(a)(5) nor (b)(9) prohibits Eddie's challenge to his summary removal, which occurred outside of Defendants' lawful authority. A suit against immigration authorities "is not *per se* a challenge to a removal order"; whether § 1252(a)(5) applies "turn[s] on the substance of the relief that a plaintiff is seeking." *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). Eddie seeks nothing that would vacate or impede his removal order—instead, he challenges the violation of the stay. *See* Compl., ECF 1 at 81-82. Where "no order of removal is at issue," § 1252(a)(5) does not apply. *Öztürk*, 136 F.4th at 401.

Defendants' reliance on *Delgado* is misplaced. The plaintiff there sought to compel adjudication of a waiver application that was "a necessary prerequisite to her ultimate goal of adjustment of status," and that, if granted, would have rendered her reinstated removal order "invalid." 643 F.3d at 55 (citation omitted). Eddie, by contrast, seeks no immigration relief here—his eligibility for cancellation of removal remains before the BIA.[5] Defendants' remaining cases do not aid them: each involved an executable removal order, not a removal the law forbade.[6] In *Escobar-Hernandez v. Barr*, the petitioner's motion to reopen put his removal order into effect, and his appeal carried no automatic stay. No. 20-CV-9714, 2021 WL 1863972, at *1 (S.D.N.Y. May 10, 2021); *see* 8 C.F.R. § 1003.6(b). Defendants also mischaracterize *Alcantara Moreno v. Noem* as rejecting "an identical request." Opp. 12. But Defendants' brief omits the words that

[5] Defendants also mischaracterize the record—two of the three cancellation denials they cite, Opp. 14, 21, were stop-time pretermissions that the government agreed to have remanded after *Niz-Chavez v. Garland*, 593 U.S. 155 (2021). ECF Nos. 45-5, 45-7, 45-8. The only merits decision is on appeal and subject to a mandatory stay of removal.

[6] *See, e.g.*, *Sauceda Henriquez v. Noem*, No. 25-cv-07023, 2026 WL 111665, at *3-4 (E.D.N.Y. Jan. 15, 2026) (request for release pending T-visa application that, if granted, would "obviate" the final removal order); *Jiang v. Bondi*, No. 24-CV-03138, 2025 WL 1503986, at *2-3 (E.D.N.Y. May 27, 2025) (suit to compel adjudication of adjustment application that would invalidate removal order); *Asylum Seeker Advoc. Project v. Barr*, 409 F. Supp. 3d 221, 225-26 (S.D.N.Y. 2019) (relief would have barred enforcement of final *in absentia* removal orders).

decided the case: "the ultimate relief he seeks—***vacatur of his reinstated removal order and*** return to the United States—is a direct challenge to his order of removal." *Compare Alcantara Moreno*, No. 26-CV-00176, 2026 WL 2124046, at *4 (E.D.N.Y. July 23, 2026) (emphasis added) *with* Opp. 12. Eddie's order is not final, and he does not seek to vacate it through this action.

Section 1252(b)(9) is likewise inapplicable. The provision "'does not present a jurisdictional bar' where [plaintiffs] 'are not asking for review of an order of removal,' 'the decision . . . to seek removal,' or 'the process by which . . . removability will be determined.'" *Regents*, 591 U.S. at 19 (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294-95 (2018) (plurality opinion)); *accord Fulton*, ECF 34.1, at 2 (same for §§ 1252(a)(5) and (b)(9)). Section 1252(b)(9) is a channeling provision: it routes "removal-related questions into a single PFR of a final order of removal." *Mahdawi v. Trump*, 183 F.4th 103, 115 (2d Cir. 2026), *reh'g en banc granted*, No. 25-1113 (2d Cir. Sept. 3, 2026). But it channels only claims "bound up with the Government's ongoing removal efforts"—that is, "matter[s] on which the validity of the final order is contingent," which "can be litigated on a PFR." *Id.* at 118, 122 (citation omitted). It does not reach "other claims collateral to the removal process." *Id.* at 118.

Eddie's claims are not "bound up" in his removal proceedings. *Id.* He contests only his removal outside those proceedings—a claim collateral to, and with no bearing on, whether he is ultimately removable or eligible for cancellation. This Court's decision in *Taal v. Trump* illustrates the line between channeled and collateral claims. No. 3:25-cv-335, 2025 WL 926207 (N.D.N.Y. Mar. 27, 2025). There, the plaintiff sought to enjoin removal proceedings allegedly commenced under unconstitutional executive orders. *Id.* at *2. The Court held that his challenge to "the basis for commencing his removal proceedings" was "part of the process by which . . . removability will be determined," and could be raised in his immigration proceedings. *Id.* at *1-2; *see also Mahdawi*, 183 F.4th at 117 (claims challenged "the government's very basis for trying to remove" him). Eddie, by contrast, asks only that Defendants honor the mandatory stay of removal while the BIA decides whether he may be removed.

**C. This Court Has Jurisdiction to Enjoin Eddie's Re-Detention.**

This Court has authority to restore Eddie to the *status quo ante*—at liberty in this district—and to enjoin his re-detention. Mem. 23-25. Defendants argue that remedy is premature and only available in habeas. Opp. 13.[7] But "[t]he district court undeniably has an inherent authority to protect its proceedings," and to "meet new situations which demand equitable intervention, and to accord all the relief necessary to correct the particular injustices involved." *Öztürk*, 136 F.4th at 394-95 (cleaned up). Here, correcting the injustices Eddie is suffering requires restoration to the *status quo ante*, relief courts have repeatedly granted. *See* Mem. 23-25; *Ramos-Lopez*, 838 F. Supp. 3d at 473 (ordering facilitation of plaintiff's return and holding "restoration of the *status quo ante* entails, at least initially, that [he] be released on the same conditions that immediately preceded his summary removal"); *Zavala Leiva*, 2026 WL 3082981, at *9 (same).

**II. Eddie's Request for a Preliminary Injunction Should Be Granted.**

**A. Eddie Is Likely to Succeed on the Merits.**

Defendants do not dispute that they removed Eddie while his BIA appeal was pending and without a final order of removal, in violation of 8 C.F.R. § 1003.6(a). Nor do they contest that the removal was final agency action and arbitrary and capricious. Their only response to the APA and *Accardi* claims is jurisdictional. Opp. 18. This Court has jurisdiction, *see* § I, *supra*, so that response fails, and the merits stand unrebutted. For all the irrelevant facts Defendants do inject, ECF Nos. 45-1 to 45-8, they marshal none to dispute Eddie's unlawful seizure, arrest, detention, or removal without a final order and while his BIA appeal pending.

Defendants' due process arguments fare no better. They do not assert that Eddie received due process before his summary removal, nor could they. Instead, they mischaracterize Eddie's due process claim as involving "a liberty interest in cancellation of removal, a form of discretionary relief." Opp. 17.[8] But Eddie asserts, and has, a protected liberty interest in avoiding summary

[7] Eddie's arrest, detention, and denial of access to counsel are relevant and not moot as part of the sequence of unlawful conduct that culminated in his removal. *See* Mem. 8-12; *cf.* Opp. 13, 15 n.15.
[8] Defendants' cases are PFRs seeking specific forms of discretionary immigration relief. *Yuen Jin v. Mukasey*, 538 F.3d 143, 156-57 (2d Cir. 2008); *Rivera v. Sessions*, 903 F.3d 147, 150-51 (1st

removal while an automatic stay prohibits it. *See* Mem. 18-19; *see also Torres-Jurado*, 2023 WL 7130898, at *3-4 (holding that even a noncitizen *with* a final order of removal had a liberty interest in a *discretionary* stay). Defendants never address that liberty interest. *See* Opp. 15-18. They also try to distinguish *Abrego Garcia* and *Sanchez Cruz* on their facts, Opp. 18 n.17, but in doing so, they only underscore their relevance. In each, the government removed a noncitizen protected from removal. And in each, the court held the removal violated due process. *Abrego Garcia*, 777 F. Supp. 3d at 516-17; *Sanchez Cruz*, 833 F. Supp. 3d at 794-95. The same is true here.

Defendants also incorrectly contend that Eddie must show prejudice to succeed on his due process claim. *See* Opp. 17-18 & n.16. Their only authority, *Garcia-Villeda v. Mukasey*, required a showing of prejudice to prevail on a petition for review challenging the constitutionality of a binding regulation at issue *in his immigration proceedings*. 531 F.3d 141, 149 (2d Cir. 2008). Eddie's due process claim is of a different kind. He does not challenge the issuance of a removal order or the outcome of any immigration proceeding; he challenges Defendants' decision to remove him *outside* the procedures Congress and the agency's own regulation require.

Defendants' insistence that Eddie meet the higher standard for a mandatory injunction is mistaken,[9] but the dispute is academic: Eddie satisfies either standard because his likelihood of success is "substantial." *N. Am. Soccer League*, 883 F.3d at 37; Mem. 7-21.

**B. Eddie Is Suffering Irreparable Harm.**

Defendants' irreparable harm arguments also fall short. Rather than contest Eddie's constitutional deprivation, they merely repeat their jurisdictional arguments in circular fashion. Opp. 19-20. But if this Court exercises jurisdiction and finds that Defendants violated Eddie's due

---

Cir. 2018); *Aparicio-Brito v. Lynch*, 824 F.3d 674, 684 (7th Cir. 2016). Eddie does not seek any status through this case. He asks only that Defendants follow the law.

[9] Defendants wrongly assert Eddie's current location in Guatemala is the *status quo*. *See* Opp. 17. The *status quo* is "the last actual, peaceable uncontested status which preceded the pending controversy": Eddie's status before Defendants improperly seized, arrested, detained, and removed him. *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018) (citation omitted). Defendants' reliance on *Students for Fair Admissions v. United States Military Academy at West Point* is misplaced because the plaintiff there sought to overhaul an admissions process that had been in place for "over four decades." 709 F. Supp. 3d 118, 130 (S.D.N.Y. 2024).

process rights, as it should, *see* §§ I, II.A, *supra*, then, as Defendants concede, "a finding of irreparable harm is triggered." Opp. 19 (citation omitted). Eddie has established irreparable harm—he "continues to suffer from deprivation of his due process rights because he remains outside the United State[s] following his improper deportation." *Martinez-Andino v. U.S. Dep't of Homeland Sec.*, No. CV 26-1208, 2026 WL 2140430, at *18 (D.D.C. July 25, 2026).[10]

Contrary to Defendants' suggestion, Eddie's separation from his wife and minor children in the United States independently establishes irreparable harm. *See Make the Road New York v. Pompeo*, 475 F. Supp. 3d 232, 268 (S.D.N.Y. 2020) (explaining that courts recognize "indefinite family separation as a form of irreparable injury").[11] Eddie's removal has devastated Liz, destabilized his sons, and worsened his own health. Liz Decl. ¶¶ 12-15, 26-32; Eddie Decl. ¶¶ 14-16, 47-49, 53; *see Zavala Leiva*, 2026 WL 3082981, at *5 (petitioner's 100-day separation from her husband and children has "likely already caused irreparable harm, and certainly continued separation will do so"). Defendants do not engage with these hardships, pointing instead to irrelevant and misleading facts[12] that make the separation no less painful.[13] *See D.J.C.V. v. U.S. Immigr. & Customs Enf't*, No. 18 Civ. 9115, 2018 WL 10436675, at *1 (S.D.N.Y. Oct. 15, 2018) ("[A] court should not countenance the cruelty of the separation of a parent and child by the

[10] This motion's timing, Opp. 20, does not affect this showing. Where a "wrongful governmental act has resulted in an ongoing deprivation of constitutional rights, delay in seeking relief does not defeat the presumption of irreparable harm." *Yafai v. Cuccinelli*, No. 20 CIV. 2932, 2020 WL 2836975, at *4 (S.D.N.Y. June 1, 2020); *see Tripathy v. Lockwood*, No. 22-949, 2022 WL 17751273, at *2 (2d Cir. Dec. 19, 2022) (holding district court "erred in ruling that [the plaintiff's 29-month] delay . . . by itself demonstrates the absence of irreparable injury").

[11] *Martinez-Andino* is not to the contrary. There, the plaintiff faced return to detention, not to his family. 2026 WL 2140430, at *19. Here, restoring the *status quo ante* returns Eddie to his family. *See* Mem. 23-25.

[12] For example, Defendants dwell on Eddie and Liz's earlier marital challenges, Opp. 4-5, but the IJ decision Defendants rely on found that the couple reunited three years before his removal. ECF No. 8-6 at 18-19. Similarly, Eddie's relatives in Guatemala, Opp. 17, do not lessen the harm of separating him from his wife and minor children here.

[13] The IJ's hardship finding, Opp. 20, which applied the far more demanding "exceptional and extremely unusual hardship" standard, *see Garcia Carrera v. Garland*, 117 F.4th 9, 12 (2d Cir. 2024), is on appeal, and recognized that "a husband and wife being separated is a definite hardship" and noted the "significant" "emotional impact of losing a father." ECF No. 8-6 at 13, 18.

government."). Accordingly, Eddie has demonstrated irreparable harm, *not* simply because he has been removed, Opp. 20,[14] but because his deportation creates a constitutional injury and damaging family separation.

**C. A Preliminary Injunction Is in the Public Interest.**

Defendants begin by "assuming, without conceding," that Eddie satisfies this factor, Opp. 20, and none of their arguments supports a contrary conclusion. Where a plaintiff alleges constitutional violations, "the balance of hardships tips decidedly in the plaintiff's favor despite arguments that granting a preliminary injunction would cause financial or administrative burdens on the Government." *Deide v. Day*, 676 F. Supp. 3d 196, 232-33 (S.D.N.Y. 2023) (citation omitted). Defendants identify no such burdens, *see* Opp. 20-22, nor could they. Further, "[t]here is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *Sanchez Cruz*, 833 F. Supp. 3d at 796 (citation omitted). That is what Eddie seeks: a return to the *status quo ante* because his summary removal was unlawful. 8 C.F.R. § 1003.6(a).[15] Restoring the *status quo ante* and curing this constitutional violation serves the public interest. *See, e.g.*, *Abrego Garcia*, 777 F. Supp. 3d at 519 ("[T]he public remains acutely interested in seeing its governmental institutions follow the law.") (citation omitted).

## CONCLUSION

For the foregoing reasons, Eddie's motion for a preliminary injunction should be granted.

---

[14] None of Defendants' irreparable-harm cases, Opp. 20, involved a removal in violation of a stay. *Nken* and *Sarr* each addressed requests to stay executable removal orders, *see Nken*, 556 U.S. at 422, 435; *Sarr v. Garland*, 50 F.4th 326, 334–35 (2d Cir. 2022), and *Hassoun v. Searls* involved no removal at all, 968 F.3d 190, 193 (2d Cir. 2020) (staying order directing release from detention).

[15] Defendants mischaracterize Eddie's argument. Opp. 21-22. The public interest favors his return, *not* because he cannot pursue cancellation from abroad, but because Defendants removed him without authority to do so and would suffer no burden by permitting his return.

Dated: November 16, 2026

Respectfully submitted,

**NEW YORK CIVIL LIBERTIES UNION FOUNDATION**
*/s/ Perry Grossman*
Perry Grossman (#702421)
Wafa Junaid (#706888)
Claire Molholm (#706788)
Thomas Munson (#707489)
Molly Biklen (#515729)
125 Broad Street
New York, New York 10004
Phone: (212) 607-3300
pgrossman@nyclu.org
wjunaid@nyclu.org
cmolholm@nyclu.org
tmunson@nyclu.org
mbiklen@nyclu.org

**WORKER JUSTICE CENTER OF NEW YORK**
*/s/ Olivia Post Rich*
Olivia Post Rich (#703805)
Malcolm Kim (#706400)
1187 Culver Road
Rochester, New York 14609
Phone: 646-545-2211
opostrich@wjcny.org
mkim@wjcny.org

**PAUL TUCK LAW**

*/s/ Paul J. Tuck*
Paul J. Tuck (#520814)
PO Box 44
Manlius, New York 13104
(315) 314-4545
paul@paultucklaw.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
*/s/ Diana E. Reiter*
Diana E. Reiter*
Lucy S. McMillan*
Kristine Rose Itliong (#704401)
Alexis Gannaway*
250 West 55th St.
New York, NY 10019
T: (212) 836-8000
F: (212) 836-8689
diana.reiter@arnoldporter.com
lucy.mcmillan@arnoldporter.com
kristine.itliong@arnoldporter.com
alexis.gannaway@arnoldporter.com

Stephanie M. Bonnett*
Gabriela E. Guimaraes Weldon*
Devora Champa*
601 Massachusetts Ave. NW
Washington, DC 20001
T: (202) 942-5000
F: (202) 942-5999
stephanie.bonnett@arnoldporter.com
gabriela.guimaraesweldon@arnoldporter.com
devora.champa@arnoldporter.com

*Counsel for Plaintiffs*

* Admitted *pro hac vice*